**Elizabeth H. MITCHELL and James E. Mitchell**

v.

**Patrick H. FLYNN.**

Supreme Judicial Court of Maine.

Argued June 10, 1985.

Decided July 19, 1985.

Mark S. Kierstead (orally), Waterville, for plaintiffs.

Patrick H. Flynn, pro se, did not appear at oral argument.

Richard Goodwin, Concord, Mass., Steven Cope, Portland, for defendant.

Before McKUSICK, C.J., VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ., and WERNICK, A.R.J.

VIOLETTE, Justice.

The defendant appeals from an Order of Contempt and an Order to Appear and Show Cause, both entered on January 4, 1985 in the Superior Court, Kennebec County. We sustain the appeal of the first order and vacate the judgment of criminal contempt entered against the defendant pursuant to it. We dismiss the appeal of the second order because of the lack of a final judgment.

1. For the background of the litigation between these parties, see *Mitchell v. Flynn*, 460 A.2d

## I.

Upon the motion of the plaintiffs, Elizabeth and James Mitchell, the Superior Court scheduled a hearing for January 4, 1985 to determine whether the defendant, Patrick Flynn, had the present ability to comply with a judgment previously obtained by the Mitchells against Flynn.[1] Neither Flynn nor anyone on his behalf appeared at the January 4 hearing. In an Order of Contempt entered in the Superior Court on January 4, the presiding justice determined that Flynn's failure to appear was contumacious, and found him "in contempt of court and order[ed] that he be incarcerated in the Kennebec County Jail for five days as punishment for this criminal contempt." This order further instructed that a warrant issue for Flynn's arrest. In a separate Order to Appear and Show Cause, also entered on January 4, the presiding justice commanded Flynn to appear before the court on February 22, 1985 and show cause why he "should not be assessed sanctions, found in contempt, or otherwise disciplined by the [Superior] Court" for his failure to comply with a court order of February 12, 1982 and for his failure to appear at a court hearing on October 31, 1983. On January 11, 1985 Flynn filed a notice of appeal challenging both orders.

## II.

"[C]ompliance with the requirements of M.R. Crim. P. 42 is essential to a valid criminal contempt commitment." *Wells v. State*, 474 A.2d 846, 851 (Me.1984). Summary punishment of criminal contempt pursuant to Rule 42(a) is permissible only when conduct seen or heard by the presiding justice and committed in the actual presence of the court amounts to an actual and willful obstruction of the administration of justice. *See State v. DeLong*, 456 A.2d 877, 881 (Me.1983). "Where ... the limited exception of Rule 42(a) is inapplicable, Rule 42(b) requires that criminal con-

1375 (Me.1983), and *Mitchell v. Flynn*, 478 A.2d 1133 (Me.1984).

tempt be prosecuted only upon notice and hearing." *Wells*, 474 A.2d at 851.

■ It is undisputed that the presiding justice *summarily* punished Flynn for *criminal* contempt through the January 4 Order of Contempt. The justice, however, did not see or hear Flynn's conduct that resulted in Flynn's failure to appear at the January 4 hearing. The justice therefore did not have personal knowledge of all the facts and circumstances surrounding the alleged contempt, as is contemplated by Rule 42(a), and summary disposition of the contempt charge was improper. Because the presiding justice should have resorted to the plenary procedure of Rule 42(b), we vacate the criminal contempt judgment entered against Flynn.

### III.

In his notice of appeal, Flynn also challenges the Order to Appear and Show Cause entered on January 4. In his brief to this Court, however, he argues that this order is not part of the appeal presently before us. Neither Flynn, who is prosecuting this appeal *pro se*, nor anyone on his behalf appeared at oral argument to clarify his actual position on this issue.

■ Irrespective of what Flynn's current position may be, however, we agree with the Mitchells that the Order to Appear and Show Cause, which merely scheduled a hearing for February 22, 1985, was interlocutory and not appealable at the time Flynn filed the notice of appeal now before us. Because of the lack of a final judgment, we dismiss this portion of the appeal.

The entry is:

Judgment of criminal contempt vacated.

Appeal from Order to Appear and Show Cause dismissed.

Remanded for proceedings consistent with the opinion herein.

All concurring.