## TOWN OF OGUNQUIT

v.

## Kenneth YOUNG, Jr., et al.

Supreme Judicial Court of Maine.

Argued May 11, 1988.

Decided June 13, 1988.

Bruce M. Read (orally) Kearns, Shepard & Read, Kennebunkport, for plaintiff.

Francis P. Daughan, Paul Beach (orally), Daughan, Kimmel, Geyer & Beach, Wells, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Defendants Kenneth and Mark Young appeal a Superior Court (York County) judgment in favor of the Town of Ogunquit permanently enjoining defendants from mooring a boat in Perkins Cove or tying at the town dock except as permitted by the town harbor master and the applicable town ordinance. Finding no merit in defendants' contention that they were entitled to a mooring either under permission orally given them by a current mooring holder or pursuant to 38 M.R.S.A. § 3 (1978) granting mooring privileges to the owners of shore rights, we affirm the Superior Court judgment.

In January 1986 the Youngs [1] purchased a lobster boat from Richard Knight and renamed it the *Judy Marie II.* Before selling the boat to them, Knight had used a mooring assigned to him by the harbor master for Perkins Cove. When asked by the Youngs if they might use Knight's

---

1. Kenneth Young purchased the boat and leased it to his son, Mark. The Superior Court found that both Youngs were responsible for the unau- thorized mooring and the Youngs do not challenge that finding on appeal.

mooring until his replacement boat was finished, Knight agreed "if it was in my power to do so." Mark Young then asked the town selectmen and harbor master for a special dispensation to stay on the mooring. The Town denied the request and stated that it would enforce the local ordinance requiring all new mooring assignments to be made from an established waiting list, thus not allowing the transfer of the mooring from Knight to the Youngs.

In late April 1986 the Town by letter warned the Youngs that they must remove the *Judy Marie II* from Knight's mooring or face civil or criminal penalties. The Youngs then moved the boat to a discontinued mooring in Perkins Cove; but in an action brought by the Town, the Superior Court on June 2, 1986, enjoined them from using that mooring. Undaunted by that court order, the Youngs responded by tying the *Judy Marie II* overnight either alongside another moored boat or at the town dock. Both practices are prohibited by the town ordinance.

On August 1, 1986, the Town filed a second action seeking both injunctive and monetary relief against the Youngs. Mark Young counterclaimed seeking a declaration that he had a right to a mooring in Perkins Cove pursuant to 38 M.R.S.A. § 3 (1978), which directed a harbor master to assign a mooring to any person with shore rights on the harbor. Mark Young contended that he had on June 3, 1986, acquired the requisite shore rights by reason of a lease for $1 per month of property described as "Lot 11 of the Fish Cove Harbor Company." After hearing, the Superior Court on August 26, 1987, permanently enjoined defendants from using any mooring in Perkins Cove or tying to the town dock except as permitted by the town harbor master and ordinance. The court also rejected Mark Young's counterclaim, finding that he had not proven that Lot 11 included any shore rights on Perkins Cove. The court assessed fines against the

Youngs in the amount of $5,180 computed at the rate of $20 per day for the period January 15, 1986, to October 1, 1986. Defendants have taken a timely appeal.[2]

■ A close reading of the Town's harbor ordinance defeats the Youngs' claim that they acquired mooring rights by any oral statements of Knight. Knight simply had no authority to transfer his rights in a mooring. The ordinance requires that the harbor master make all new assignments in accordance with established priority lists. Ogunquit Harbor and Boat Ordinance §§ 501–502, 503.5. Under the ordinance a right to a mooring is a personal right vested only in the individual assigned the mooring by the harbor master. That individual may renew his mooring privilege annually, *id.* § 503.4, and if he sells his boat his rights in the mooring continue if within one year he obtains a boat of equal or shorter length, *id.* § 503.4.1. Current mooring holders must notify and receive permission from the harbor master before changing the vessel kept at the assigned mooring. *Id.* § 503.2. The ordinance does not empower a current mooring holder to transfer a mooring to another person, nor does the mooring follow the boat that has been sold. Plainly the ordinance envisions that the harbor master will control new or changed assignments. Even if we accept defendants' characterization of the equivocal statement made by Knight as an intended oral transfer of "his" mooring, the town ordinance denied him any power to carry out that intent.

■ Defendants likewise cannot justify their mooring of the *Judy Marie II* in Perkins Cove by any rights acquired through Mark Young's lease of land described as Lot 11 of the Fish Cove Harbor Company. 38 M.R.S.A. § 3 provided in pertinent part that a harbor master "shall assign mooring privileges in such waters in all cases where individuals who own the shore rights or have an interest in the same are complainants."[3] Mark Young as the counterclaim-

---

2. Defendants challenge only the permanent injunction and the rejection of the counterclaim. They do not challenge the $5,180 fine.

3. Effective April 1, 1988, the legislature repealed and replaced 38 M.R.S.A. § 3. *See* P.L.1987, ch. 412; 38 M.R.S.A. § 3 (Pamph.1987). Since Mark Young has not proved that he has any

ant bore the burden of proving that Lot 11 included shore rights on Perkins Cove. In view of the confused nature of the title to Lot 11 and the conflicting evidence as to where Lot 11 is located on the face of the earth, the Superior Court was not compelled to conclude that the counterclaimant had met his burden of proving that Lot 11 ran to the shore of Perkins Cove. *See Luce Co. v. Hoefler,* 464 A.2d 213, 215 (Me.1983).

The Superior Court did not err in enjoining the Youngs from mooring in Perkins Cove except on a mooring assigned them by the harbor master. Once the court correctly concluded that they had no right to a mooring either by transfer from Knight or pursuant to shore rights attached to Lot 11, it was well within the court's discretion to grant the Town's request for a permanent injunction. *See Town of Shapleigh v. Shikles,* 427 A.2d 460, 464–65 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.

shore rights on Perkins Cove, the result of this appeal would be the same regardless of which statute is applied.