**TOWN OF OGUNQUIT**

**v.**

**Mark YOUNG et al.**

Supreme Judicial Court of Maine.

Argued June 17, 1988.
Decided July 29, 1988.

Bruce M. Read (orally), Kearns, Shepard & Read, Kennebunkport, for plaintiff.

Thomas E. Geyer (orally), Francis P. Daughan, Daughan, Kimmel, Geyer & Beach, Wells, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK, CLIFFORD and HORNBY, JJ.

McKUSICK, Chief Justice.

■ This appeal presents the question whether a judgment of contempt with a sentence of a fine and a determinate period of incarceration for past violations of a permanent injunction is a judgment for criminal or civil contempt. We conclude that it is a criminal contempt judgment and thus subject to the requirements of M.R. Crim.P. 42(b).

On August 26, 1987, the Superior Court issued an order permanently enjoining Mark Young[1] from "using, maintaining or reclaiming any mooring in Perkins Cove Harbor" without permission of the Town's harbor master. *See Town of Ogunquit v. Young,* 543 A.2d 359 (Me.1988) (affirming the permanent injunction). On March 9, 1988, the Superior Court, finding Mark Young in contempt for violating the permanent injunction on August 28, 1987, and

October 5, 1987, "sentenced [him] ... to three (3) days to the York County Jail and assessed [against him] the sum of Two Hundred Dollars."

Unless a defendant is given the opportunity to purge himself of his contempt, a judgment imposing a determinate jail sentence "is criminal in nature, and it may not be imposed unless federal constitutional protections are applied in the contempt proceeding." *Hicks v. Feiock,* —— U.S. ——, ——, 108 S.Ct. 1423, 1432, 99 L.Ed.2d 721 (1988). As we observed in *Wells v. State,* 474 A.2d 846, 850 (Me.1984):

Confinement without the potential for freedom through compliance amounts to punishment and can properly be imposed only through the vehicle of criminal contempt proceedings with the attendant due process safeguards.

When the Superior Court found Young in contempt for past violations of a court order and imposed a sum certain fine and a determinate jail term, Young had no opportunity to purge himself by complying with the August 26, 1987, order. The fixed jail sentence and fine imposed solely to punish past contempt establishes the proceeding against Young as a prosecution for criminal contempt.

"[C]ompliance with the requirements of M.R.Crim.P. 42 is essential to a valid criminal contempt commitment." *Id.* at 851. M.R.Crim.P. 42(b) requires that notice of a criminal contempt proceeding, in addition to stating the time and place of the hearing, shall state "the essential facts constituting the criminal contempt charged and describe it as such." The notice provided Mark Young neither described the proceeding as one for *criminal* contempt nor stated, except in the most general terms, the essential facts constituting the criminally contumacious conduct.

■ This appeal is not restricted by the provision of 14 M.R.S.A. § 252 (Supp.

---

1. Kenneth Young, Jr., Mark's father, is also a defendant named in the order issuing the permanent injunction. Although Kenneth was served and appeared at the contempt hearing, the Superior Court specifically found only Mark, as captain of the boat moored in violation of the court order, responsible for the contumacious conduct.

1987) that "[n]o appeal lies from any order or decree for such punishment [for contempt], save upon questions of jurisdiction." Although the Town purported to initiate this contempt proceeding pursuant to section 252, the proceeding, since it resulted in a judgment of criminal contempt, was controlled by M.R.Crim.P. 42(b), not by the statute. *See* 4 M.R.S.A. § 9 (1979) (authorizing promulgation of rules of criminal procedure by the Supreme Judicial Court and providing that "all laws in conflict [with those criminal rules] shall be of no further force or effect"). In the present circumstances, failure to meet the requirements of Criminal Rule 42(b), essential to a valid judgment for criminal contempt, constitutes obvious error. The court cannot allow the judgment to stand.

The entry is:

Judgment vacated.

All concurring.