Nancy GORDON

v.

William D. BOWDEN.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 11, 1989.
Decided Feb. 9, 1989.

Ervin D. Snyder, Snyder & Jumper, Wiscasset, for plaintiff.

William D. Bowden, Medomak, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

WATHEN, Justice.

Defendant William Bowden appeals from an order of the Superior Court (Lincoln County, *Lipez, J.*) affirming a previous order of the District Court (*Pease, J.*) and dismissing the appeal due to defendant's failure to provide an adequate record for review. The District Court found defendant in contempt for failing to make payments on a money judgment as ordered by the court after a disclosure hearing. Ultimately, the District Court sentenced defendant to 10 days in the County Jail but stayed commitment of that sentence on condition that defendant pay plaintiff $10.00 per day. Defendant argues on appeal, as he did in Superior Court, that he did not have the ability to make the payments ordered, that he was not notified that he had been found in contempt, and that he was improperly represented by his trial counsel. Although the record on appeal is insufficient for a review of Bowden's arguments, the clerk's file clearly reveals that the contempt proceeding initiated by Nancy Gordon was civil in nature.

The conditional sanction imposed by the District Court includes no right to purge once the sentence is executed and it is, therefore, punitive. In the absence of compliance with M.R.Crim.P. 42, such a sanction affected Bowden's substantial due process right. As we stated in *Wells v. State*, 474 A.2d 846, 851 (Me.1984) "compliance with the requirements of [Rule] 42 is essential to a valid criminal contempt commitment"; *accord Town of Ogunquit v. Young*, 544 A.2d 1288, 1289 (Me.1988); *Mitchell v. Flynn*, 495 A.2d 833, 834–35 (Me.1985). Accordingly, we vacate the District Court judgment on the ground of obvious error.

The entry is:

Judgment vacated; remanded for further proceedings consistent with the opinion herein.

All concurring.