128

(No. 79-CVH-25 1-3078—Decided May 3, 1979.)

Crawford County Municipal Court.

*Messrs. Weldon, Huston & Keyser* and *Mr. Richard R. Fowler*, for plaintiff.
*Messrs. Petri, Hottenroth, Garverick & Tilson Co., L. P. A.*, and *Mr. Stephen F. Tilson*, for defendant Harold A. Ridenour.

Bender, J. This case arises out of a complaint filed by plaintiff under Ohio's replevin statutes, R. C. 2737.01 *et seq.*, for return of a motor vehicle. Plaintiff filed an affidavit and bond requesting immediate, *ex parte*, seizure of the named property. The court denied plaintiff's request for immediate seizure and granted defendants 14 days to show cause why the named property should not be seized. Defendant, Harold A. Ridenour, thereafter filed a motion to dismiss the complaint on the basis of the unconstitutionality of the Ohio replevin statutes, citing *Fuentes* v. *Shevin* (1972), 407 U. S. 67; *Mitchell* v. *W. T. Grant Co.*

(1974), 416 U. S. 600; and *North Georgia Finishing, Inc.,* v. *Di-Chem, Inc.* (1975), 419 U. S. 601. Additionally, defendant relies on *Turner* v. *Block,* Civil No. C 72-242, decided February 11, 1973, by the United States District Court for Northern District of Ohio, Western Division, which held Ohio's replevin statute unconstitutional and enjoined clerks of court in Ohio from issuing pre-judgment replevin orders. Both sides filed briefs.

After reviewing the pleadings and applicable law, this court issued an opinion and interim order holding that those portions of R. C. Chapter 2737 which did not deal with *ex parte* pre-judgment seizure of personal property were constitutional. Further, this court reserved ruling on the serious issue of the constitutionality of the remaining sections of R. C. Chapter 2737 until full research could be accomplished. The defendants were ordered to file a proper answer to plaintiff's complaint so that a hearing on the merits of that complaint could be held. To date, no order for seizure of the motor vehicle has issued.

Defendants claim that R. C. Chapter 2737 provides for the taking of personal property without due process of law, in violation of the 14th Amendment to the Constitution of the United States, in that there is no provision for pre-seizure notice or hearing. They rely on the *Fuentes, Mitchell, North Georgia* and *Turner* cases cited above. Specifically defendants claim that under the federal cases cited, there is an absolute requirement of notice and a hearing before a pre-judgment seizure may be had or in the alternative that any pre-judgment seizure proceeding provide that:

1. the plaintiff specifically set forth by affidavit the nature of his interest in the property to be seized and facts justifying its seizure;

2. the order of delivery be issued by a judicial officer as opposed to a clerk of court;

3. a speedy post-seizure hearing be held so that the defendant may contest the seizure and have the property in question returned without undue delay, if justified.

Plaintiffs claim that R. C. Chapter 2737 is similar to the Louisiana statute upheld in *Mitchell, supra,* and there-

fore fulfills all due process requirements. Further, plaintiffs claim that Civ. R. 12 is a proper vehicle to guarantee defendants a speedy post-seizure hearing on the validity of the seizure which defendants in this case have availed themselves of by filing their motion to dismiss. Since plaintiff has not moved to strike defendant's motion to dismiss based on the unconstitutionality of R. C. Chapter 2737 as being an improper Rule 12 motion, this court will not formally rule on the validity of Civ. R. 12 for this purpose. However, on its face, Civ. R. 12 does not appear to be a proper vehicle for providing a speedy post-seizure hearing to defendants.

To resolve the weighty issues raised by this case, it is necessary to discuss in some detail the federal cases cited above and how R. C. Chapter 2737 comports or fails to comport with the holdings of those cases and the state statutes considered by the court in those cases. Further, the decision and restraining order issued by the U. S. District Court for the Northern District of Ohio, Western Division, in *Turner, supra* is still in full force and effect.[1] There appears to be no reported Ohio case since *Fuentes* and its progeny to shed light on the matter.[2]

In *Fuentes, supra,* the court in sweeping language held that the Florida and Pennsylvania pre-judgment replevin statutes were violative of due process of law in that they provided for seizure of personal property by one claiming an interest therein without notice and hearing to the possessor of the property. In the primary case, Fuentes had purchased a stove and stereo under an installment sales contract and made payments thereon for a period of time. A dispute arose over the servicing of the items by the

---

[1] *Turner* is an unreported decision. This court was informed in a phone conversation on April 19, 1979, with the clerk of that court that the restraining order is still in effect. For all practical purposes, the decision in *Turner* holding the Ohio replevin statute unconstitutional is valid today. However, *Turner* was decided before *Mitchell* and *North Georgia Finishing Inc., supra.* Therefore, its continued validity may be questionable.

[2] See *Computer Leasing Co.* v. *Computing & Software* (1973), 37 Ohio Misc. 19, which discusses *Fuentes* but adds little to the resolution of this case.

seller, Firestone Tire and Rubber Co. Firestone instituted an action against Fuentes in small claims court and also obtained an *ex parte* pre-judgment seizure of the items through Florida's replevin statute.

The court held that Florida's replevin statute failed to meet minimum due process standards because no pre-seizure notice and hearing were provided for. Specifically, Fla. Stat. Am. Sec. 78.01 (Supp. 1972-1973) provided: "Any person whose goods or chattels are wrongfully detained by any other person or officer may have a writ of replevin to recover them * * *." A bond was required of the plaintiff to insure his prosecuting of the action and defendant could, within three days of the seizure, give his bond and have the property returned.

In *Mitchell, supra,* decided less than two years after *Fuentes,* the court, in upholding Louisiana's replevin statute, narrowed its broad holding in *Fuentes.* In effect the court held that a pre-seizure notice and hearing was not constitutionally mandated if the statutory scheme provided for:

(1) an affidavit by the plaintiff containing specific facts and circumstances concerning this ownership and right to possession;

(2) judicial control of the replevin process, and

(3) a right to a speedy post-seizure hearing so that the defendant might obtain return of the seized property if justified without undue delay.

The Louisiana replevin statute sufficiently provided those three factors and, therefore, adequately protected possessions of personal property from unjustified *ex parte* seizures.[3]

In *North Georgia Finishing, Inc., supra,* decided eight months after *Mitchell,* the court struck down Georgia's garnishment statute on the basis that it necessitated only the filing of a conclusory affidavit concerning a plaintiff's right to possession, contained no provisions for judicial conrol of the garnishment proceeding, and provided for no immediate post-seizure hearing to determine the vali-

---

[3]See Appendix to opinion of the court in *Mitchell, supra.*

dity of the seizure. The court appeared in this case to revive *Fuentes* and reinforce its holding.

It is difficult, if not impossible, to reconcile the three cases discussed above for reasons not mentioned here. Many avenues of reasoning may be explored to explain these holdings. However, like traversing Venice streets on a dark night, the unwary traveler will become hopelessly lost in the process. It is this court's opinion that the three factors relied on by the court in *Mitchell, supra,* are the basic necessities any replevin statute must contain if it is to satisfy due process requirements.

The question for determination in this case is: Does R. C. Chapter 2737 contain the factors specified in *Mitchell, supra?*

R. C. 2737.02 provides the minimum facts to be contained in the replevin affidavit. Basically, the affidavit must contain a description of the property to be seized, the ownership interest of the plaintiff, and that the property is wrongfully detained. There is no requirement that the affiant set forth specific facts concerning the basis of the wrongful detention. In addition, this section provides that the clerk of court and *not a judicial officer* shall issue the order for delivery of the property upon the filing of the affidavit.[4]

There is no provision for a speedy post-seizure hearing to determine the validity of the *ex parte* seizure within R. C. Chapter 2737. However, R. C. 2737.04 does provide the right of return of seized property to the defendant on the posting of bond. This "so called" protection was specifically held inadequate in *Fuentes, supra,* and also by implication in *North Georgia Finishing, Inc., supra.*

For these specific reasons the Ohio replevin statute fails to pass constitutional scrutiny. The fact that this court and other Ohio courts have instituted local procedures to cure the glaring defects in R. C. Chapter 2737 cannot save the statute. A local rule of court cannot amend a

---

[4] Judicial control of the *ex parte* seizure process may not be constitutionally mandated. See footnote 3 of Mr. Justice Powell's concurring opinion in *North Georgia Finishing, Inc., supra.*

state statute. However, this court will not go so far as to say that a probable cause warrant as required by *Turner, supra,* must be issued before a valid *ex parte* pre-judgment seizure of personal property can take place. In light of *Mitchell, supra,* and *North Georgia Finishing, Inc., supra,* no such requirement or, for that matter, pre-seizure notice and hearing, is constitutionally mandated, if the factors described are present in the statute.

For the foregoing reasons, plaintiff's affidavit and motion for pre-judgment seizure of defendant's motor vehicle is overruled.

*Motion for pre-judgment replevin overruled.*