HEATHERSTONE HOMEOWNERS
ASSOCIATION *v.* CONRAD ET AL.

(No. 83-CVI-582—Decided
November 15, 1983.)

Clermont County Court.

*Mr. William Keener,* for plaintiff.
*Mr. Daniel Hannon,* for defendants.

VORIS, J. The facts and evidence in the instant case were all stipulated by counsel for both parties.

Defendants, Thomas and Sharon Conrad, were record owners of certain real estate. As such, they were liable to plaintiff, Heatherstone Homeowners Association, for certain condominium fees. Defendants' interest in the real estate was sold at sheriff's sale to a third party. Said sale was then set aside. Plaintiff claims as damages from defendants condominium fees on said real estate. Both parties' counsel stipulated that if the order of sale were valid and worked to break the chain of title as to defendants, then the damages would be $100. If the order of sale having been set aside meant that defendants remained record owners on a continuous basis, then the damages would be as prayed for by plaintiff in the amount of $550.

The issue is resolved by determining the effect of a setting aside of an order of sale, such as occurred in the instant case, upon the chain of title. When a judicial sale is declared invalid, or is vacated, the purchaser may be liable for the rents and profits of the property during the time of his possession. 50 Corpus Juris Secundum (1947) 692, Judicial Sales, Section 68.

Where a judicial sale has been set aside, the purchaser is entitled to a restoration of the *status quo ante* insofar as possible. If a purchaser, who was released in good faith because of a defect in title, is entitled to have the amount paid by him returned, he should be liable for any expenses incurred during the time of his possession. *Id.* In this case, there were no expenses claimed or allowed at the time the sale was ordered set aside.

Title will pass under an execution sale, but not upon an execution sale under a void judgment. 2 McDermott, Ohio Real Property Law and Practice (3 Ed. 1966) 815, Section 17-41A.

In the instant case, the judgment was not voided, but the order of sale and execution and sale were set aside, with an order to return the ten percent down payment to the purchasers. This was consistent with the above-cited rule of law favoring the return of the parties to the *status quo ante.* No motion or claim for setoff was made by the defendants who *de facto* remained the record owners. A failure to timely assert a claim or setoff constitutes a waiver thereof.

Judgment for plaintiffs for $550.

*Judgment for plaintiffs.*