**BARCLAYS AMERICAN/MORTGAGE CORPORATION, Appellee,**

v.

**EVANS et al.; Dayton Funding Group, Inc., Appellant.**

[Cite as *Barclays Am./Mtge. Corp. v. Evans* (1997), 118 Ohio App.3d 128.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16072.

Decided Feb. 7, 1997.

*Sara M. Petersmann,* for appellee.

*Worrell A. Reid,* for appellant Dayton Funding Group, Inc.

BROGAN, Judge.

The appellant, Dayton Funding Group, Inc., appeals from the judgment of the trial court ordering the distribution of $1,104 to Midfirst Mortgage Company (formerly known as Barclays American/Mortgage Corporation) for attorney fees incurred in a foreclosure sale.

This litigation began in April 1995 when Barclays initiated a real estate foreclosure action against Rickey and Jane Evans for their default on their mortgage payments to Barclays. When the Evanses defaulted for answer to the

complaint, the trial court granted judgment to Barclays for the delinquent note balance of $27,214 plus interest and costs and ordered that the defendants' equity of redemption be foreclosed and the property sold at a sheriff's sale.

The property was appraised at $24,000, and the property was sold at the sheriff's sale for $34,000 to the appellant. On March 5, 1995, the trial court confirmed the sale and ordered the sale proceeds distributed. On April 22, 1996, Barclays moved to vacate the sale and for an order holding the appellant in contempt of court for failing to pay the bid price of $34,000. Barclays asked that the appellant be held liable for any additional fees and costs associated with a subsequent sale. On April 23, 1996, the trial court granted the appellee's motion and stated that the appellant would be liable for any difference between the new selling price and the purchase of the first sale, and any fees and costs associated with any subsequent sales.

A new sheriff's sale was set for June 21, 1996, and publication of the sale date was again published in The Daily Court Reporter. On May 30, 1996, the appellant moved to vacate the order setting the previous sheriff's sale and the contempt order.

On June 25, 1996, the sheriff's sale was canceled per court order when the mortgagors sold the property and tendered payoff funds to Barclays. On the same date the trial court ordered that Barclays receive $1,104 for their attorney fees incurred between January 19, 1996 and June 19, 1996. (The fees represent 9.2 hours of attorney's time at $120 per hour for the time spent in procuring the second sale.)

In a single assignment of error, the appellant contends that the trial court erred in awarding the appellees attorney fees.

Appellant argues that Ohio follows the "American Rule" as to the award of attorney fees and fees are not ordinarily recoverable in the absence of a statute or enforceable contract therefor. *Nottingdale Homeowners' Assn., Inc. v. Darby* (1987), 33 Ohio St.3d 32, 33–34, 514 N.E.2d 702, 704–705. In that case, the Ohio Supreme Court held that two parties in a noncommercial contract may lawfully contract to require, in a suit between them, the payment by the unsuccessful party of the prevailing party's attorney fees. Justice Douglas wrote the following for the court:

"A majority of state supreme courts currently recognize and follow the 'American Rule' regarding the recovery of attorney fees by the prevailing party in a civil action. This rule provides ' * * * that attorney's fees are not ordinarily recoverable in the absence of a statute *or enforceable contract providing therefor.*' (Emphasis added.) *Fleischmann Distilling Corp. v. Maier Brewing Co.* (1967), 386 U.S. 714, 717 [87 S.Ct. 1404, 1407, 18 L.Ed.2d 475, 478]. See, also,

*Alyeska Pipeline Service Co. v. Wilderness Society* (1975), 421 U.S. 240, 257 [95 S.Ct. 1612, 1621, 44 L.Ed.2d 141, 153], and Comment *d* to Section 356 of the Restatement of the Law 2d, Contracts (1981) 160, which provides in part: 'Although attorneys' fees are not generally awarded to the winning party, if the parties provide for the award of such fees the court will award a sum that it considers to be reasonable.' "

It is important to note that the attorney fees awarded in this case were not awarded because the appellee prevailed in the litigation. The fees were awarded because the appellant was found in contempt of court for submitting a bid at the initial sheriff's sale on which it could not deliver. Because of the appellant's conduct, the appellee was required to start the sale process anew at additional expense to the appellee.

In *Union Trust Co. v. Monroe* (1930), 34 Ohio App. 47, 51, 170 N.E. 369, 371, the Summit County Court of Appeals held that "[w]here a person is the highest bidder at a sheriff's sale, and as such is duly declared to be the purchaser, and refuses, without cause, to fulfill his contract, he may be proceeded against in the same suit, he having become a party thereto by the purchase made, and, upon due notice and hearing, the court may order a resale and order the defaulting purchaser to pay the expenses arising from his noncompletion of the purchase, and also any deficiency in price in the resale * * *, or the sale may be confirmed and the purchaser may be proceeded against by suit to recover the purchase price." See, also, *First Natl. Bank of S.E. Ohio v. Gaydac* (1994), 68 Ohio Misc.2d 36, 646 N.E.2d 927.

R.C. 2329.30 provides that "[t]he court from which an execution or order of sale issues, upon notice and motion of the officer who makes the sale, or of an interested party, shall punish as for contempt any purchaser of real property who fails to pay the purchase money therefor."

In *Lomas & Nettleton Co. v. Warren,* (Sept. 16, 1988), Geauga App.No 1405, unreported, 1988 WL 96635, the Geauga County Court of Appeals held that since there is no clear legal right in Ohio to attorney fees when a judicial sale is set aside, a purchaser is entitled to a restoration of the "status quo ante" insofar as possible.

In *Heatherstone Homeowners Assn. v. Conrad* (1983) 10 Misc.2d 18, 10 OBR 231, 461 N.E.2d 35, the Clermont County Court held that where a judicial sale has been set aside, a purchaser is entitled to a restoration of the "status quo ante" insofar as possible.

We believe the *Union Trust Co.* case to be persuasive. The defaulting purchaser should be required to pay the expenses arising from his noncompletion

of the purchase. Attorney fees are certainly normal expenses incurred by the creditor in conducting a second judicial sale.

The appellant's assignment of error is without merit.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.