OPINION
{¶ 1} James Johnson, Jr., appeals from an order of the Montgomery County Court of Common Pleas, which denied his motions for a temporary restraining order and a hearing to set aside a notice to vacate the premises.
 {¶ 2} The record reveals the following facts.
 {¶ 3} In 1997, James Johnson, Jr., and his wife, Dianne, purchased the property located at 6346 Harvest Meadows Drive in Dayton, Ohio, and obtained a mortgage from Ford Consumer Finance Company, Inc. ("Ford") in the amount of $145,186.00. On March 12, 2002, Ford filed a foreclosure complaint against the Johnsons and others, alleging that the Johnsons had been in default of their mortgage since September 1, 2001. The Johnsons did not file an answer to that complaint or to subsequent amended complaints. On March 4, 2003, the trial court entered a default judgment against the Johnsons and ordered that, unless the Johnsons paid the amount due within three days, the property be sold. A sheriff's sale was scheduled for July 18, 2003. On July 17, 2003, a day prior to the scheduled sale, the Johnsons filed a voluntary petition in bankruptcy. Consequently, the trial court withdrew its order of sale, and the sheriff's sale was not held.
 {¶ 4} On December 5, 2003, Ford notified the court that the Johnsons' bankruptcy action had been dismissed. It requested that the foreclosure action be returned to the active docket and requested leave to issue an alias order of sale. On February 12, 2004, the court granted Ford's motion, and a sheriff's sale was scheduled for August 27, 2004. On July 19, 2004, Ford filed a certification that it had served a copy of the notice of sheriff's sale or a synopsis of the sale notice upon all parties or their counsel of record at their last known address by regular United States mail. The sheriff's sale was held as scheduled, and the property was purchased by Stephen and Tammy Sternik for $115,000.
 {¶ 5} On September 20, 2004, Johnson filed a motion for a temporary restraining order and requested a hearing to set aside the notice to vacate, arguing that he first learned of the sale of his property when Stephen Sternik visited the property and asked the Johnsons to vacate the premises. On October 15, 2004, the court overruled Johnson's motion, finding that the sale of the property had been held according to law and that Johnson had been served a notice of the pending sale as evidenced by Ford's certification of delivery filed on July 19, 2004. The court also granted leave to Ford to file its confirmation of sale entry. On October 29, 2004, Johnson filed a notice of appeal from the October 15, 2004, order.
 {¶ 6} On November 4, 2004 (after the notice of appeal had been filed), the trial court confirmed the sale of the property and ordered the distribution of the sale proceeds. According to the parties, the Sterniks have yet to pay fully for the property. Consequently, on May 2, 2005, the Johnsons moved to vacate the sale and the confirmation of the sale. On May 5, 2005, the trial court denied the motion on the ground that the pending appeal deprived it of jurisdiction to rule on the motion.
 {¶ 7} Johnson, pro se, raises three assignments of error on appeal, which we will address in an order that facilitates our analysis.
a. "DID THE COURT ERR IN ALLOWING THE JOURNAL ENTRY CONFIRMING SALE, ORDERING DEED DISTRIBUTION OF SALE PROCEEDS AFTER THE NOTICE OF APPEAL WAS FILED?"
 {¶ 8} In his third assignment of error, Johnson asserts that, pursuant to R.C. 2329.024, the trial court improperly confirmed the sale of his property after the filing of a notice of appeal.
 {¶ 9} Although Johnson improperly relies upon R.C. 2329.024, he has correctly noted that the filing of a notice of appeal generally divests the trial court of jurisdiction to act except over issues not inconsistent with the jurisdiction of the appellate court. As recently reiterated by the Supreme Court of Ohio:
 {¶ 10} "An appeal is perfected upon the filing of a written notice of appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. State ex rel.Special Prosecutors v. Judges, Court of Common Pleas (1978),55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. Id.; Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44,553 N.E.2d 1354. * * * Furthermore, the determination as to the appropriateness of an appeal lies solely with the appellate court." In reS.J., 106 Ohio St.3d 11, 12-13, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9-10.
 {¶ 11} Although the filing of a notice of appeal generally divests a court of jurisdiction, we conclude that Johnson's notice of appeal is governed by App.R. 4(C). Under that rule, when a notice of appeal is filed after the trial court has announced a decision, order, or sentence but prior to the entry of the judgment or order, the notice of appeal is deemed premature and is treated as having been filed immediately after the entry of the judgment or order. App.R. 4(C).
 {¶ 12} Here, Johnson filed a notice of appeal on October 29, 2004, challenging the court's October 15, 2004, order. In its October 15, 2004, order, the trial court not only denied Johnson's motions but also concluded that the sale of the property had been lawful and granted Ford leave to file its confirmation of sale entry. Because the order announced the decision of the court regarding the validity of the sale and suggested that it would be confirmed upon the filing of an entry by Ford, Johnson's notice of appeal concerning the October 15, 2004, also constituted a premature appeal of the confirmation order. On November 4, 2004, the trial court confirmed the sale and ordered that the property be conveyed to the Sterniks and that the proceeds be distributed. Johnson's notice of appeal is, therefore, treated as though it had been filed immediately after the entry of the court's November 4, 2004, order. Consequently, the trial court's order confirming the sale was not foreclosed by the filing of Johnson's notice of appeal.
 {¶ 13} Parenthetically, we note that on May 2, 2005 — based on the suggestion by Ford in its appellate brief — Johnson filed a motion to vacate the sale, the confirmation of the sale and all subsequent orders by the trial court. At this juncture, the trial court properly denied Johnson's motion on the ground that it lacked jurisdiction to rule on any motions due to the pending appeal.
 {¶ 14} The third assignment of error is overruled.
 {¶ 15} "DID THE COURT OF COMMON PLEAS MONTGOMERY, OHIO ERR IN DENYING THE DEFENDANT A HEARING AND GRANTING OF THE TEMPORARY RESTRAINING ORDER?"
 {¶ 16} In his first assignment of error, Johnson claims that the trial court erred in denying his motion for a temporary restraining order and in denying him a hearing. Johnson asserts that Ford did not provide him with proper notice of the sheriff's sale, as required by R.C. 2329.26 and Loc.R. 2.23 of the Montgomery County Court of Common Pleas.
 {¶ 17} R.C. 2329.26 governs the notice of the date, time, and place for the sale of property. Under R.C. 2329.26(A)(1)(a), real property cannot be sold until the judgment creditor seeking the sale of the property or its attorney (1) causes written notice of the date, time, and place of the sale to be served upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered; and (2) files with the clerk of court, at least seven calendar days prior to the date of the sale, a copy of the written notice with proof of service endorsed on the copy. R.C. 2329.26(A)(1)(b) provides, however, that service of the written notice "is not required to be made upon any party who is in default for failure to appear in the action in which the judgment giving rise to the execution was rendered." "Proof of service endorsed upon a copy of the written notice required by [R.C. 2329.26(A)(1)(a)] shall be conclusive evidence of the service of the written notice in compliance [with that section] * * * unless a party files a motion to set aside the sale of the lands * * * and establishes by a preponderance of the evidence that the proof of service is fraudulent." R.C. 2329.27(B)(2).
 {¶ 18} Local R. 2.23(III), which governs judicial sales of real estate, provides that, where a judicial sale of real estate is ordered, "the attorney for the plaintiff, or such other party requesting the sale, shall promptly mail notice of the time, date and location of the sheriff's sale to the record owner(s) of the subject real estate and to all other interested parties not in default for failure to appear, or their counsel of record, at their respective last known addresses. The record owner(s) of the real estate shall be notified by mail in all cases whether or not in default for failure to appear, except when said owner(s) were originally served with summons solely by publication. No other parties to the proceeding in default of answer need be served with notice of sale except by publication * * *. Failure to provide timely notice to interested parties shall constitute grounds for denying confirmation of the sale."
 {¶ 19} Loc.R. 2.23(IV) requires counsel for the party requesting the sale to file, not less than fourteen days prior to the scheduled sale date, a Certificate of Service of Notice of Sale Date specifying the date and manner of service and the names and addresses of all interested parties or their counsel of record who were sent notice. Failure to comply with this requirement constitutes grounds for denying confirmation of the sale.
 {¶ 20} In the present case, the Johnsons failed to file an answer to Ford's complaints and, thus, they were in default for failure to appear in the action. The court subsequently entered a default judgment against them. Although the Johnsons later informed the court of their bankruptcy action, the mere filing of a notice of bankruptcy is insufficient to make a general appearance in the foreclosure action. Thus, Ford was not obligated under R.C. 2329.26 to provide the Johnsons notice of the sale.Galt Alloys, Inc. v. Key Bank Nat'l Ass'n, 85 Ohio St.3d 353,1999-Ohio-383, 708 N.E.2d 701.
 {¶ 21} On its face, Ford was required under Loc.R. 2.23(III) to notify the Johnsons of the sheriff's sale regardless of their default status. However, Loc.R. 2.23(III) confers a substantive right of notice on a defendant that R.C. 2329.26(A)(1)(b) expressly rejects.
 {¶ 22} "A local rule of court cannot prevail when it is inconsistent with the express requirements of a statute." State ex rel. MothersAgainst Drunk Drivers v. Gosser (1985), 20 Ohio St.3d 30, 485 N.E.2d 706, at paragraph three of the syllabus; Farmers Sav. Trust Co. v.Ridenour (1979), 59 Ohio Misc. 128, 132-33, 394 N.E.2d 1039 ("A local rule of court cannot amend a state statute.").
 {¶ 23} The service requirement of the Loc.R. 2.23(III) is in conflict not only with R.C. 2329.26(A)(1)(b), but also with Civ.R. 5(A), which provides that, with respect to pleadings and orders subsequent to the complaint, "[s]ervice is not required on parties in default for failure to appear" except with respect to those "pleadings asserting new or additional claims for relief or for additional damages." An order for a sheriff's sale is not a new or additional claim for relief nor a request for damages additional to those granted in the underlying judgment. It is merely a process to enforce that judgment as authorized by Civ.R. 69. Therefore, per Civ.R. 5(A), notice of the sheriff's sale need not be served on a record owner who is in default for failure to appeal.
 {¶ 24} Section 5, Article IV of the Ohio Constitution authorizes the supreme court to adopt rules of practice and procedures, and states that "[c]ourts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court." Loc.R. 2.23(III) is inconsistent with Civ.R. 5(A) to the extent that the local rule requires service of a notice that is not required by the civil rule. Therefore, the requirement of Loc.R. 2.23(III) that service of a notice of a sheriff's sale must be made on parties in default is void and of no effect. Consequently, a judgment creditor is not required by Loc.R. 2.23(IV) to include the names and addresses of parties in default for failure to appear in the certificate of service of notice.
 {¶ 25} Accordingly, Ford was neither required to provide notice to the Johnsons of the impending sale of the property nor to provide their names and addresses in its certificate of notice of sale. Because the Johnsons were not entitled to notice under R.C. 2329.26, the court did not err in denying Johnson's motions, which challenged the sufficiency of Ford's notice of the sale.
 {¶ 26} The first assignment of error is overruled.
 {¶ 27} "DID THE COURT ERR IN ALLOWING THE JOURNAL ENTRY CONFIRMING THE SALE, ORDERING DEED DISTRIBUTION OF SALE PROCEEDS?"
 {¶ 28} In his second assignment of error, Johnson claims that the trial court erred in concluding that the sale was made in accordance to the law. Johnson indicates that the Sterniks have not completed the sale and no deed transfer has occurred.
 {¶ 29} When the trial court determines that the written notice requirements of R.C. 2329.26 have been met and that the sale was made in conformity with R.C. 2329.01 through R.C. 2329.61, the court must file an entry indicating that it is satisfied with the legality of the sale and directing the officer to transfer the property by deed to the purchaser. R.C. 2329.31; see also R.C. 2329.27(B). "While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation[.]" Ohio Sav. Bank v. Ambrose
(1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388. Thus, the decision whether to confirm or set aside a judicial sale is left to the sound discretion of the trial court. Ohio Sav. Bank v. Ambrose (1990), 56 Ohio St.3d 53, 55,563 N.E.2d 1388, citing Michigan Mtge. Corp. v. Oakley (1980),68 Ohio App.2d 83, 426 N.E.2d 1195 and Reed v. Radigan (1884),42 Ohio St. 292, 294. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 30} In our judgment, the trial court did not abuse its discretion when it confirmed the sale of the Johnsons' property. In this case, the court determined that notice had been given in accordance with R.C.2329.26, and we find no fault with that determination with respect to Johnson. The court further found that the sale of the property had been properly performed. Once those determinations had been made, the trial court was free to confirm the sale. The transfer of the property by deed is not performed until after the court has confirmed the sale.
 {¶ 31} Although the Sterniks have apparently failed to pay the full purchase price, the trial court was not required to deny confirmation due to that alleged failure. See R.C. 2329.30. In Barclays American/Mortg.Corp. v. Evans (1997), 118 Ohio App.3d 128, 691 N.E.2d 1144, we quoted the Summit County Court of Appeals, which held that "[w]here a person is the highest bidder at a sheriff's sale, and as such is duly declared to be the purchaser, and refuses, without cause, to fulfill his contract, he may be proceeded against in the same suit, he having become a party thereto by the purchase made, and, upon due notice and hearing, the court may order a resale and order the defaulting purchaser to pay the expenses arising from his noncompletion of the purchase, and also any deficiency in price in the resale * * *, or the sale may be confirmed and the purchaser may be proceeded against by suit to recover the purchase price." Id. at 130 (quoting First Natl. Bank of S.E. Ohio v. Gaydac (1994),68 Ohio Misc.2d 36, 646 N.E.2d 927). Thus, while the trial court may have chosen to vacate the sale of the property and order a re-sale to occur, the trial court was free to confirm the sale of the property and to take other steps to ensure payment of the purchase price.
 {¶ 32} The second assignment of error is overruled.
 {¶ 33} The judgment of the trial court confirming the sale of the property will be affirmed.
Fain, J. and Grady, J., concur.