[Cite as *Fannie Mae v. Hicks*, 2018-Ohio-1831.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105550

---

# FANNIE MAE

### PLAINTIFF-APPELLEE

vs.

# LYNDA HICKS

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-746293

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 10, 2018

**ATTORNEY FOR APPELLANT**

John Wood
281 Corning Drive
Bratenahl, Ohio 44108


**ATTORNEYS FOR APPELLEE**

John E. Codrea
David B. Bokor
Matthew P. Curry
Edward M. Kochalski
Matthew J. Richardson
Justin M. Ritch
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio 43216

**For JP Morgan Chase Bank, N.A.**

Maria A. Citeroni
Stephen D. Williger
Nicole K. Wilson
Thompson & Hine, L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

Laura Hauser
Hauser Law Office
3713 Longwood Court
Cleveland, Ohio 44118

Nelson M. Reid
Anne Marie Sferra
Bricker & Eckler, L.L.P.
100 South Third Street
Columbus, Ohio 43215

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Lynda Hicks, appeals the denial of her request for damages sustained by her property as a result of a judgment in foreclosure that was subsequently vacated. She claims the following sole assignment of error:

> Where a rental is wrongfully taken in foreclosure for a period of years by a party with no interest, and the Court of Appeals orders return of the property to the rightful owner and for the trial court to conduct proceedings consistent with the appellate ruling, it was an abuse of discretion for the trial court, who wrongly ordered the foreclosure, to refuse to consider the motion for damages inflicted by the party in error upon the innocent party.

{¶2} We find merit to the appeal and reverse the trial court's judgment.

## I. Facts and Procedural History

{¶3} In 2011, plaintiff-appellee, Federal National Mortgage Association ("Fannie Mae"), filed a complaint in foreclosure against Hicks seeking foreclosure on a two-family home that Hicks owned as a rental property. Both parties filed motions for summary judgment. Fannie Mae conceded in its motion that the note on which its foreclosure claim was predicated was lost, but argued it was nevertheless entitled to foreclosure on Hicks's property because it was the assignee of the mortgage on the property. Hicks argued that Fannie Mae was not legally entitled to foreclosure without the missing note.

{¶4} The trial court granted Fannie Mae's motion, denied Hicks's motion, and entered judgment in foreclosure in favor of Fannie Mae. On appeal, we concluded that the assignment of the mortgage to Fannie Mae, by itself, was insufficient to sustain an action in foreclosure and reversed the trial court's judgment. *Fannie Mae v. Hicks*, 8th

Dist. Cuyahoga No. 102079, 2015-Ohio-1955 ("*Hicks I*"). However, while the appeal was pending, Hicks's property was sold in a sheriff's sale to Fannie Mae for a $110,000 credit bid, representing the amount of the debt owed on the property. Hicks did not request a stay of the confirmation of sale, but moved for a stay of distribution of the sale proceeds pending our decision in her appeal. The trial court denied her motion. One week later, Fannie Mae was issued a deed to the property, which was recorded in June 2015.

{¶5} Following release of this court's decision in *Hicks I*, Hicks filed a motion seeking restitution from Fannie Mae in the amount of $110,000, the foreclosure price of the property. Fannie Mae opposed the motion, asking the court to instead vacate the confirmation of sale pursuant to Civ.R. 60(B) and return the property to Hicks. The trial court denied Fannie Mae's motion to vacate the confirmation of sale and ordered Fannie Mae to pay Hicks $110,000 in restitution. This time Fannie Mae appealed the trial court's judgment.

{¶6} In the second appeal, we determined that the trial court erred by not vacating the foreclosure sale and by ordering Fannie Mae to pay Hicks $110,000 in restitution. *Fannie Mae v. Hicks*, 8th Dist. Cuyahoga No. 103804, 2016-Ohio-8484, ¶ 19 ("*Hicks II*"). Following release of this court's decision but before the file was returned to the trial court, Hicks filed a motion styled "Motion for Conference to Determine the Effect of Setting Aside an Order of Sale," seeking to recover damages sustained while Fannie Mae had possession of her property. Hicks alleged that Fannie Mae failed to

secure, maintain, and winterize the home, and that the property "wasted significantly from its pre-sale condition." (Motion for Conference to Determine the Effect of Setting Aside an Order of Sale at 2.) Hicks alleged, among other things, that two water heaters and a furnace were broken, tenants left the property, and a squatter was now inhabiting one of the units. Hicks also alleged that after it was determined that Fannie Mae had no right to foreclosure in 2015, it continued to demand payment from Hicks "through much of 2016." (Motion for Conference to Determine the Effect of Setting Aside an Order of Sale at 3.)

{¶7} In a journal entry denying Hicks's motion for damages, the court stated:

> Motion * * * for hearing is denied. The Clerk of Courts of the Eighth District Court of Appeals has not returned the filed. [sic] Also, Lynda Hicks's motion is premature because Hicks can appeal the Eighth District's entry and opinion to the Ohio Supreme Court.

Hicks now appeals the trial court's judgment.

## II. Law and Analysis

{¶8} In her sole assignment of error, Hicks argues the trial court erred in denying her request for a hearing on damages.

{¶9} Before addressing the merits of Hicks's argument, we must resolve the procedural issues raised in Fannie Mae's appellee brief. Fannie Mae contends the trial court properly denied Hicks's motion for damages because (1) the trial court lacked jurisdiction to rule on her motion while her appeal was pending, and (2) Hicks failed to seek a stay of the trial court's execution of this court's mandate in *Hicks II* while her

appeal in the Ohio Supreme Court was pending. Neither of these procedural claims justified the trial court's denial of Hicks's motion for a hearing on damages.

**{¶10}** The general rule of law is that the trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided except "to take action in aid of the appeal, until the case is remanded to it by the appellate court." *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Still, the trial court retains jurisdiction over issues "not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment from which an appeal is taken." *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990).

**{¶11}** In *State v. Drake*, 8th Dist. Cuyahoga No. 105908, 2017-Ohio-7328, we explained that where a court lacks jurisdiction to rule on a motion due to a pending appeal, the trial court lacks authority to deny the motion and must hold the motion in abeyance until the appeal is decided. *Id.* at ¶ 4. Therefore, if an appeal was pending when Hicks filed her motion for a hearing on damages, the trial court should have held the motion in abeyance rather than denying it as premature. *Id.*

**{¶12}** Moreover, this court released its decision in *Hicks II* on December 29, 2016. Hicks filed her motion for damages on January 12, 2017, two weeks after the appeal was decided. And because Hicks did not file a notice of appeal to the Ohio Supreme Court until March 9, 2017, there was no pending appeal that prevented the court ruling on her

motion. Therefore, the trial court erred in denying Hicks's motion on grounds that this court had not yet returned the file and the motion was premature.

{¶13} Hicks argues, citing *Heatherstone Homeowners Assn. v. Conrad*, 10 Ohio Misc.2d 18, 461 N.E.2d 35 (C.P. 1983), that she is entitled to damages sustained by the property while it was in Fannie Mae's possession. In *Heatherstone*, defendants Thomas and Sharon Conrad owned a condominium that was a member of the Heatherstone Homeowners Association. Members periodically owed condominium association fees to Heatherstone.

{¶14} The Conrads' interest in their condominium was sold to a third party at a sheriff's sale. The sale was later vacated, and Heatherstone claimed the Conrads owed fees that accrued while the property was in possession of the third party. In deciding whether the Conrads were liable to Heatherstone for fees incurred while the property belonged to a third party, the court held that

> [i]f a purchaser, who was released in good faith because of a defect in title, is entitled to have the amount paid by him returned, he should be liable for any expenses incurred during the time in his possession.

*Id*. at 18, citing 50 Corpus Juris Secundum, Judicial Sales, Section 68, at 692 (1947). Thus, the *Heatherstone* court held that the purchaser was liable for expenses incurred to the property during the time the property was in the purchaser's possession. *Id*.

{¶15} Hicks argues this logic should apply to damages she incurred while her property was in Fannie Mae's possession. Indeed, the trial court has broad discretion in equitable matters to fashion a fair and just remedy. *Williams v. Schneider*, 8th Dist.

Cuyahoga Nos. 104201, 104206, and 104232, 2018-Ohio-968, ¶ 72, citing *McDonald & Co. Secs. v. Alzheimer's Disease & Related Disorders Assn.*, 140 Ohio App.3d 358, 747 N.E.2d 843, ¶ 16-18 (1st Dist.2000).

**{¶16}** Hicks claims Fannie Mae failed to maintain and secure the property and that its neglect caused damage to the property and loss of rents from tenants. Fannie Mae knew, or should have known, that Hicks had an appeal pending and that the house could be returned to her. And since Fannie Mae had possession and control of the property, it had the power to preserve and protect the property from damage; Hicks did not. Therefore, equitable principles of fairness require that Hicks have an opportunity to present a claim for damages against Fannie Mae in the trial court, and the trial court erred in dismissing her motion.

**{¶17}** The sole assignment of error is sustained.

**{¶18}** Judgment reversed and case remanded to the trial court to allow Hicks to present a damages claim against Fannie Mae.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR