[Cite as *Imperial Valley Properties, L.L.C. v. Walker*, 2023-Ohio-4390.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IMPERIAL VALLEY PROPERTIES, LLC, | : | APPEAL NO. C-230164 |
| | | TRIAL NO. A-1607001 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| MAKEVA P. WALKER, | : | |
| Defendant, | : | |
| and | | |
| | : | |
| AIDA ZVEKIC, | | |
| | : | |
| Appellant. | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed

Date of Judgment Entry on Appeal: December 6, 2023

*Aida Zvekic,* pro se.

**Bock, Judge.**

{¶1} Appellant Aida Zvekic and her husband Suvad Zvekic submitted a winning bid and deposit for real property at a judicial sale. That sale was never confirmed and the Zvekics never paid the remaining purchase price. Ultimately, the trial court vacated that sale and ordered a release of the deposit to plaintiff-appellee Imperial Valley Properties, LLC. After the Hamilton County Clerk of Courts erroneously returned the funds to the Zvekics, the trial court ordered the Zvekics to return the deposit to the clerk.

{¶2} But because the sale was never confirmed, and a purchaser's obligation to pay the full purchase price is predicated on the confirmation of the judicial sale, we hold that the trial court erred when it ordered the Zvekics to return the deposit funds to Imperial Valley. We reverse the trial court's judgment.

## I. Facts and Procedure

{¶3} This case began in December 2016, when Imperial Valley initiated foreclosure proceedings against Makeva Walker, Eden Pass, and Open Door Properties, LLC, for property located at 2315 Flora Street in Cincinnati, Ohio. In November 2017, the trial court granted the foreclosure and ordered a judicial sale.

{¶4} In April 2018, the execution officer returned the order for sale and identified the Zvekics as the highest bidders at the sale. The Zvekics purchased the property for $25,000, "[s]ubject to Decree of Confirmation." As part of their winning bid, the Zvekics submitted a $5,000 deposit.

{¶5} Months later, the Zvekics moved to set aside the sale. Apparently, the Zvekics discovered that the city of Cincinnati had demolished the house before the April judicial sale. The magistrate denied the Zvekics' motion, and with no objection filed, the trial court adopted the magistrate's decision.

{¶6}    But in February 2019, Imperial Valley moved to release the sale deposit funds, arguing that the Zvekics were the successful bidders but had "not paid the remaining portion of the sale proceeds to the Hamilton County Sheriff." In response, the Zvekics filed a "Motion for [a] hearing" and argued that the order of sale should be dismissed, because the "sale has not been confirmed" and other issues with the taxes assessed to the property. The Zvekics filed a second motion asking to set aside the sale, citing the lack of any confirmation order and inflated taxes assessed to the property.

{¶7}    In March 2019, the Zvekics filed a third motion, this time asking for the sale to be set aside and a refund of their deposit. The Zvekics explained, once again, that the "sale has not been confirmed for almost 1 year," and they had not paid the remaining $20,001 because "it is due within 30 days of the sale conf[i]rmation, but [the] sale [has] not be[en] confirmed for almost [a] whole year." The Zvekics informed the trial court, "We would still pay our bid $25,001 for that lot, but we cannot pay $46,631.67 to cover owed taxes, penalties and interest for house that used to be there (majority of taxes are for the house not land)."

{¶8}    The following month, Imperial Valley responded with a motion to vacate the sale and release the $5,000 deposit to Imperial Valley, arguing that the Zvekics "were the successful bidders at the April 5th sale, but no longer wish to complete the sale and own the property" due to the demolition of the property and delinquent taxes assessed to the property.

{¶9}    In May 2019, the magistrate issued an order vacating the sale and releasing the $5,000 deposit to Imperial Valley. The Zvekics objected, arguing that the sale was never confirmed, they "were always ready to pay and still are ready to pay $25,001 amount that we bid for the land without house," and were willing to pay the remaining balance. Alternatively, the Zvekics requested a refund of the deposit.

{¶10} In December 2019, the trial court journalized an entry denying the objection and affirming the magistrate's decision. That entry, however, failed to set forth the outcome of the dispute or the remedy. *See B&J Elec. Co. v. Cincinnati*, 2020-Ohio-3869, 156 N.E.3d 974, ¶ 7 (1st Dist.).

{¶11} According to the Zvekics, the clerk's office called in December 2019, instructing them to pick up their $5,000 deposit—they picked up the funds.

{¶12} In a July 2020 letter to the Zvekics, Imperial Valley demanded the return of the $5,000 deposit. Meanwhile, Aida Zvekic filed an objection to the trial court's December 2019 entry adopting the magistrate's decision. The sheriff filed a memorandum opposing Zvekic's filing, requesting an order instructing the Zvekics to return the deposit. In response, Zvekic moved for relief from judgment under Civ.R. 60(B), arguing that a return of the $5,000 would be inequitable. Once again, they reminded the court that the sale was never confirmed.

{¶13} The trial court denied Zvekic's motion, which it construed as a motion for reconsideration, and ordered the Zvekics to return the $5,000 deposit to the Hamilton County Clerk of Courts for its release to Imperial Valley. Aida Zvekic appeals, challenging the trial court's order to return the $5,000 deposit. Imperial Valley failed to file an appellate brief.

## II. Law and Analysis

{¶14} Zvekic cites R.C. 2329.30 to argue that, without a confirmation order, the Zvekics had no duty to pay the full purchase price. Zvekic maintains that the trial court erred when it ordered her and her husband to return the $5,000 deposit to the clerk of courts.

{¶15} A trial court's decision to confirm or set aside a judicial sale is an exercise of its discretionary authority. *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990). Likewise, "the trial court has broad discretion in equitable matters to fashion a fair and just remedy." *Fannie Mae v. Hicks*, 8th Dist. Cuyahoga No. 105550, 2018-Ohio-1831, ¶ 15, quoting *Williams v. Schneider*, 8th Dist. Cuyahoga Nos. 104201, 104206 and 104232, 2018-Ohio-968, ¶ 72, citing *McDonald & Co. Secs. v. Alzheimer's Disease & Related Disorders Assn.*, 140 Ohio App.3d 358, 747 N.E.2d 843, ¶ 16-18 (1st Dist.2000). A trial court abuses its discretion when its decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶16} We begin with an overview of judicial sales of real property in Ohio. The judicial sale of foreclosed property and the purchaser's obligations are governed by R.C. 2329.20 et seq. When a property is purchased at a judicial sale, "the purchaser shall make a sale deposit." R.C. 2329.211(A)(1). Where the property appraisal falls between $10,000 and $200,000, "the deposit shall be five thousand dollars." R.C. 2329.211(A)(1)(b). Here, the Zvekics deposited $5,000 at the judicial sale, as the statute requires. In turn, the execution officer filed the return for the order of sale.

{¶17} Following the return of a writ of execution, Loc.R 45(G)(1) of the Court of Common Pleas of Hamilton County, General Division, instructs that:

> The Entry Confirming Sale and Ordering Deed shall be proffered to the Common Pleas Magistrate within thirty (30) days of the writ of execution indicating the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code. The attorney who filed the writ of execution shall make to the purchaser a deed for the land and tenements and deliver said deed to the Sheriff's office within

5

seven (7) days following the journalization of the Entry Confirming Sale and Ordering Deed.

{¶18} If the trial court "finds that the sale was made * * * in conformity with [R.C.] 2329.01 to 2329.61 * * * it shall, within thirty days of the return of the writ, direct the clerk of court of common pleas to make an entry on the journal that the court is satisfied with the legality of such sale." R.C. 2929.31(A). While R.C. 2329.31(A) "speaks in mandatory terms," granting or denying confirmation is a discretionary act. *Ambrose*, 56 Ohio St.3d at 55, 563 N.E.2d 1388, citing *Michigan Mtge. Corp. v. Oakley*, 68 Ohio App.2d 83, 426 N.E.2d 1195 (12th Dist.1980), paragraph two of the syllabus.

{¶19} The trial court's confirmation order triggers a purchaser's duty "to pay within thirty days * * * the balance due on the purchase price of the lands and tenements." R.C. 2329.31(B). Until the trial court issues its confirmation order, "purchasers at a foreclosure sale have no vested interest in the property." *Ambrose* at 55. And "[t]he transfer of the property by deed is not performed until after the court has confirmed the sale." *Ford Consumer Fin. Co. v. Johnson*, 2d Dist. Montgomery No. 20767, 2005-Ohio-4735, ¶ 30. Plus, debtors "may exercise their right to redeem at any time before the sheriff's sale is confirmed." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 29, citing R.C. 2329.33.

{¶20} After the trial court confirms the sale, the purchaser must pay the remaining balance of the purchase price within 30 days. R.C. 2329.31(B). If a purchaser fails to satisfy that remaining balance, the trial court may, "upon notice and motion of the officer who makes the sale or of an interested party, may punish any purchaser of lands * * * by forfeiting the sale of the lands and tenements," and order the purchaser's deposit forfeited. R.C. 2929.30.

**{¶21}** Through no fault of the Zvekics, the judicial sale was never confirmed. Notably absent from the record is the required "Entry Confirming Sale and Ordering Deed." While the Zvekics moved to set the sale aside due to the demolition of the house and delinquent taxes, they repeatedly emphasized the lack of an order confirming the sale. And they repeatedly expressed a willingness to pay the outstanding balance following a confirmation order. In response, Imperial Valley moved to release the deposit funds, citing the Zvekics' alleged failure to complete the payment. Later, Imperial Valley moved to set the sale aside and repeated its request for the deposit funds. There is nothing in the record to warrant a punishment under R.C. 2929.30— the sale was never confirmed and the Zvekics' obligation to pay the remaining purchase price never came into effect.

**{¶22}** While the trial court reasonably set aside the judicial sale, it arbitrarily and unreasonably ordered the release of the deposit funds to Imperial Valley. Absent a purchaser's breach or other misconduct, " '[w]here a judicial sale has been set aside, the purchaser is entitled to a restoration of the status quo ante insofar as possible.' " *Lomas & Nettleton Co. v. Warren*, 11th Dist. Geauga No. 1405, 1988 Ohio App. LEXIS 3728, 12 (Sep. 16, 1988), quoting *Heatherstone Homeowners Assn. v. Conrad*, 10 Ohio Misc.2d 18, 18, 461 N.E.2d 35 (C.P.1983). Therefore, we hold that the trial court abused its discretion when it ordered the Zvekics to return the $5,000 deposit to the clerk for its release to Imperial Valley.

### III. <u>Conclusion</u>

**{¶23}** We sustain Aida Zvekic's single assignment of error and reverse the trial court's order instructing the Zvekics to return the deposit funds slated for release to Imperial Valley.

Judgment reversed.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

Please note:

        The court has recorded its entry on the date of the release of this opinion.