THE UNION TRUST CO. *v.* MONROE ET AL.
IN RE LEUBETZ.

(Decided February 4, 1930.)

*Messrs. Commins, Brouse, Englebeck & McDowell,* for Joseph Leubetz.

*Messrs. Rockwell & Grant,* for the Union Trust Company.

WASHBURN, J. In a suit to foreclose a mortgage, the common pleas court ordered the sheriff to sell certain real estate.

The terms of sale as fixed by a general rule of the court, and set forth in the advertisement, were 10 per cent. of the purchase price at the time of the sale and the balance upon confirmation and delivery of deed.

At the sale, Joseph Leubetz was the highest bidder, and the sheriff declared him the purchaser. He did not pay the 10 per cent., and the next day, after viewing the property, he notified the sheriff that he would not pay the 10 per cent. or any part of the amount which he bid for the property.

He was brought before the court on a charge in contempt for his failure to pay for said property, and, upon trial, was found guilty, and the court, finding that his contempt consisted in the omission to do an act which he yet could perform, ordered that he be imprisoned until he paid to the sheriff the said 10 per cent.

The matter is now before this court on petition in error—the claims made being that the circumstances were such as to excuse him from performance, and that there was no evidence introduced as to his ability to perform, and that his imprisonment violated Section 15 of Article I of the Constitution of Ohio, which provides that:

"No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."

There is no claim of fraud, and there is no evidence in the record in support of such a claim.

Section 11687, General Code, provides: "The court from which an execution or order of sale issues, upon notice, and motion of the officer who makes the sale, or of an interested party, shall

punish as for contempt any purchaser of real property who fails to pay the purchase money therefor."

By this section a failure to pay constitutes a contempt.

The record in this case fully justified the trial court in finding that the excuse made for failure to complete the purchase was not a legitimate one, and that Leubetz was guilty of contempt.

The statutes relative to the punishment of one found guilty of contempt are as follows:

"Sec. 12142. The court shall then determine whether the accused is guilty of the contempt charge. If it be adjudged that he is guilty, he may be fined not exceeding five hundred dollars, or imprisoned not more than ten days, or both."

"Sec. 12143. When the contempt consists in the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it."

We are of the opinion that the court had power to and would have been warranted in sentencing Leubetz under the provisions and within the limits of Section 12142, General Code. Whether he could be sentenced, as he was, under the provisions of Section 12143 depends upon whether the finding of the trial court that he could perform is justified by the record, and whether such a sentence is prohibited by said section of the Constitution hereinbefore quoted.

There is before us a bill of exceptions setting forth all of the evidence introduced on the hearing of the charge of contempt, and we are of the opinion that there was no evidence as to whether he could perform or could not perform.

The contempt charged was not based upon a prior judgment of a court finding him able and ordering

him to pay, which would be *prima facie* proof of his continuing ability to pay, as was the case in *State, ex rel. Cook,* v. *Cook,* 66 Ohio St., 566, 64 N. E., 567, 58 L. R. A., 625, and hence there was no burden cast on him to prove that he was unable to pay.

His failure to perform being established, if he sought to defeat a finding against him on the charge of contempt, it was incumbent on him to prove circumstances which the court might find excused performance on his part, but there was no burden on him to offer evidence to prove any fact which would determine the sentence which the court was authorized to pronounce. He did not claim inability to perform as an excuse for his non-performance, nor as a defense to the charge of contempt, and he was not bound to claim such inability in order to prevent a sentence which was authorized only upon a finding that he had ability.

The finding of the court that he could perform being unsupported by evidence, the sentence based upon such finding, and authorized only because of such finding, is illegal.

Having reached this conclusion, it is unnecessary to pass upon the question whether the sentence which was pronounced constitutes an imprisonment for debt within the meaning of the Constitution.

No case in which that question has been expressly determined has been cited, and, in quite an extensive investigation, we have found none in which a similar question has been decided. While the statutes hereinbefore referred to have been in force for many years, this is the first instance, so far as we have been able to ascertain, where a court, having found a purchaser in contempt for failure to pay for prop-

erty purchased at sheriff's sale, committed such purchaser to jail until such payment was made. Very likely the reason why courts have not attempted to exercise such authority is because more appropriate and less drastic or questionable remedies are available to meet the situation.

Where a person is the highest bidder at a sheriff's sale, and as such is duly declared to be the purchaser, and refuses, without cause, to fulfill his contract, he may be proceeded against in the same suit, he having become a party thereto by the purchase made, and, upon due notice and hearing, the court may order a resale and order the defaulting purchaser to pay the expenses arising from his non-completion of the purchase, and also any deficiency in price in the resale; this may be done without a confirmation of the sale, or the sale may be confirmed and the purchaser may be proceeded against by suit to recover the purchase price (*Galpin* v. *Lamb*, 29 Ohio St., 529, at page 534; *Mayer* v. *Wick*, 15 Ohio St., 548), and, in addition to the foregoing, the court may punish the purchaser by fine and imprisonment for contempt (*Camden* v. *Mayhew*, 129 U. S., 73, 9 S. Ct., 246, 32 L. Ed., 608).

Where there are adequate remedies for the protection of public and private rights, a wise public policy prompts courts to confine the exercise of the power to punish for contempt to those cases where the right to do so is clear, and to refrain from inflicting a particular punishment when the right to do so is doubtful.

The judgment finding the purchaser guilty of contempt is affirmed, but that part of the judgment which sentenced the purchaser to imprisonment un-

til he performed is reversed, and the cause is remanded to the common pleas court for resentence according to law.

*Judgment accordingly.*

FUNK, P. J., and PARDEE, J., concur.