EDWARD MILANO & others *vs.* HINGHAM SPORTSWEAR Co., INC. & another.

Suffolk.   September 19, 1974. — November 13, 1974.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Contempt.   Equity Pleading and Practice,* Contempt proceeding. *Waiver.*

On the record of a contempt proceeding to enforce an order confirming an arbitration award directing certain relief against a corporation but making no determination against an individual, where it appeared that, after "hearing the arguments of counsel" in a "motion session" of the Superior Court, a decree was entered adjudging both the corporation and the individual in contempt and that the individual on appeal did not request a report of material facts, and it did not appear that the individual's counsel requested an evidentiary hearing or objected to lack of one, it must be assumed by this court that such counsel waived an evidentiary hearing and that there was adequate basis for the entry of the contempt decree.  [377-379]

A civil contempt proceeding is an appropriate method of enforcing an order confirming an arbitration award.  [378]

Although an agent of a corporation is not named in an order entered against a corporation, he may be held in contempt of that order if he is responsible for failure of the corporation to comply with it.  [378]

Where, in a contempt proceeding to enforce an order confirming an arbitration award against a corporation calling for certain payments, an interlocutory decree was entered adjudging both the corporation and an individual in contempt and appointing a special master to determine the amounts of such payments, and after confirmation of the master's report a final decree was entered directing both the corporation and the individual to make the payments, from which the individual appealed, there was no merit in a contention by him that the final decree was erroneous in that the master had not found that he owed the payments; the issue whether he was responsible for the corporation's failure to comply with the order against it had already

been resolved against him by the adjudication of contempt and the master's duty was only to determine the amounts. [379-380]

PETITION filed in the Superior Court on October 25, 1972, for attachment for contempt.

The case was heard by *Kalus,* J.

*Martin S. Cosgrove* for the defendants.

*John McMahon* for the plaintiffs.

WILKINS, J.   The individual defendant, Peter Bruzzese (Bruzzese), appeals from a final decree which adjudged him guilty of contempt and directed him to pay specific amounts to named persons or for specific purposes.[1]

In August, 1972, an order was entered in the Superior Court confirming an arbitration award against the corporate defendant. The arbitration award directed the reinstatement of five employees with retroactive pay and other benefits. Bruzzese was not a party to the collective bargaining agreement, and the arbitrator made no determination against him.

In October, 1972, a petition for attachment for contempt was filed, seeking relief against the corporate defendant and Bruzzese. An order of notice was issued returnable on November 1, 1972, in the first session without jury in Suffolk County. On November 1, 1972, the following order was entered by the judge: "After hearing the arguments of counsel, defendants Hingham Sportswear Co., Inc. and Peter Bruzzese are hereby adjudged in contempt. It is further continued to November 15, 1972, for the purpose of assessing fines." The matter subsequently was continued to November 22, when new counsel for the defendants unsuccessfully moved to vacate the finding of contempt and for a new hearing. On that day, an interlocutory order was entered stating that each defendant was guilty of contempt and appointing a special master to determine the

---

[1] The final decree made the same adjudication concerning the corporate defendant and also directed it to make the payments. The corporate defendant has not perfected its appeal.

amounts owing pursuant to the arbitration award. The report of the special master was filed in December, 1972, and in March, 1973, after confirmation of that report, the final decree was entered from which Bruzzese appeals. No request for a report of material facts was made by the defendants.

Bruzzese argues that he did not have an evidentiary hearing on the petition for attachment for contempt and that constitutionally he was entitled to one as a matter of due process of law. He points to the fact that the determination of contempt was based on "arguments of counsel" in the first session without jury in Suffolk County, commonly known as the motion session. Bruzzese also contends that the arbitration award did not apply to him, that he had no duty to carry out its terms and that the final decree adjudging him in contempt should not have directed him to satisfy the obligations of the arbitration award.

Several principles concerning contempt proceedings are not in dispute here. An order confirming an arbitration award may be enforced "as any other judgment or decree." G. L. c. 150C, § 13, inserted by St. 1959, c. 546, § 1. A petition for civil contempt, therefore, was an appropriate avenue for the plaintiff to follow. Civil contempt will not be decreed if a defendant is unable to comply with the court's order to pay a sum of money. *Crystal, petitioner,* 330 Mass. 583, 588 (1953). See *Sodones* v. *Sodones, ante,* 121, 130 (1974), and cases cited. Although not named in an order against a corporation, a corporate agent may be held in contempt of that order if he was responsible for the acts or inaction of the corporation which constituted a violation of the court order. See *Commonwealth* v. *Hudson,* 315 Mass. 335, 347 (1943); *John Bath & Co. Inc.* v. *Commonwealth,* 348 Mass. 78, 83 (1964), cert. den. 380 U. S. 977 (1965); *Wilson* v. *United States,* 221 U. S. 361, 376 (1911); *Parker* v. *United States,* 126 F. 2d 370, 379 (1st Cir. 1942). A contempt proceeding must satisfy the requirements of due process, including the right to an evidentiary trial on the allegations of the petition for attachment for contempt. See *Sodones* v. *Sodones, supra,* at 127, and cases cited.

However, where the record fails to show a denial of due process in contempt proceedings, this court will not infer such a violation. *Sodones* v. *Sodones, supra,* at 127. A defendant in a contempt proceeding may, of course, waive his right to an evidentiary trial. See *Zobel* v. *People ex rel. Kyle,* 49 Colo. 142, 147 (1910); *Matter of Westminster Realty Corp.* 123 App. Div. (N. Y.) 797, 800 (1908); *State ex rel. La Follett,* v. *La Follett,* 132 Ore. 257, 265 (1930). Such a waiver may result, in effect, from a failure to assert rights in the trial court in a manner which permits effective appellate review. See *Yates* v. *United States,* 316 F. 2d 718, 725 (10th Cir. 1963).

Applying these principles to the facts of this case, we conclude that there was no error. Bruzzese has not shown that he was entitled to a hearing of any different character from that granted him in the Superior Court. He made no request for a report of material facts, which would have obliged the judge to state the basis for his action. We infer that without objection the case was argued by counsel in the motion session on questions of law. The order entered by the experienced judge, representing that his determinations were made "[a]fter hearing the arguments of counsel," strongly suggests that there were no factual disputes raised before him.[2] In any event, there is no showing in the record (and no contention by Bruzzese here) that his then counsel requested an evidentiary hearing or objected to the lack of one. On this record we must assume that Bruzzese's then counsel waived any right to an evidentiary hearing, and that the trial judge possessed an adequate basis for the entry of the decree of contempt. See *St. Martin* v. *Spinner,* 347 Mass. 774 (1964).

Bruzzese lastly argues that the final decree improperly obligates him to pay the amounts which the special master found were due from the corporate defendant. He points out that the special master did not find that Bruzzese owed these amounts. This argument misconstrues the duty of the

---

[2] Such was the assertion of the plaintiff before this court in oral argument.

special master. An adjudication of contempt already had been made against Bruzzese. The special master's role was limited to a determination of the amounts due under the confirmed arbitration award. The issue whether Bruzzese was responsible for the corporation's noncompliance already had been resolved against him.

*Decree affirmed.*