PHILLIPE A. ROY & others *vs.* HAROLD A. LEVENTHAL. March 9, 1977. The order of July 3, 1975, in so far as it adjudges the defendant to be in contempt of court, must be reversed, not because the judge could not properly found such a decree on representations of counsel in the absence of objection to such a procedure (see *Sodones* v. *Sodones,* 366 Mass. 121, 127 [1974]; *Milano* v. *Hingham Sportswear Co. Inc.* 366 Mass. 376, 378-379 [1974]), but because the representations of counsel,

Rescript Opinions.

which are before us, afforded no basis for a finding that the defendant refused to pay the judgment despite an ability to do so. Contrast *Sodones* v. *Sodones,* 366 Mass. at 130. An essential element of civil contempt is the defendant's ability to comply with the court's order. *Stuart* v. *Stuart,* 123 Mass. 370, 371 (1877). *Milano* v. *Hingham Sportswear Co. Inc.* 366 Mass. at 378. On general principles, the burden of proof on that issue was on the plaintiff (*United States Time Corp.* v. *G.E.M. of Boston, Inc.* 345 Mass. 279, 282 [1963]), and the burden was not met by stipulation, evidence, or otherwise. To be contrasted are cases where the allegedly violated order itself implies an adjudication that the defendant was at that time able to comply, thus constituting evidence of, or establishing a prima facie case of, present ability to comply which the defendant may be required to rebut. See, e.g., *Maggio* v. *Zeitz,* 333 U. S. 56, 75 (1948) (order to turn over property to another); *Sodones* v. *Sodones, supra* (order to pay alimony); *State on complaint of Cook* v. *Cook,* 66 Ohio St. 566, 570 (1902) (same); *In re S.L.T.* 180 So. 2d 374, 379 (Fla. Dist. Ct. App. 1965) (order to pay child support). A simple order or judgment for the payment of money does not, of course, carry any implication of ability to pay. No question is raised with respect to the second numbered paragraph of the order. The first numbered paragraph is to be struck from the order, and the remainder is affirmed.

*So ordered.*

*Roy Frank Kipp* for the defendant.
*Maurice M. Goldman* for the plaintiffs.

