James E. MITCHELL, et al.

v.

Patrick H. FLYNN.

Supreme Judicial Court of Maine.

Argued May 7, 1984.

Decided Aug. 3, 1984.

Mark S. Kierstead (orally), Waterville, Jed Davis, Augusta, for plaintiffs.

Richard N. Goodwin (orally), Concord, Mass., Steven E. Cope, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Patrick Flynn, was held in civil contempt by the Superior Court (Kennebec County) for failure to comply with its earlier order directing the defendant to make certain payments. Because the Superior Court erroneously imposed on the defendant the burden of proving his inability to comply with the judgment, we vacate the order of contempt.

In *Mitchell v. Flynn*, 460 A.2d 1375 (Me. 1983), we affirmed a judgment against the defendant for breach of contract arising from the sale of real estate. In addition to monetary damages the judgment included equitable provisions ordering the defendant to purchase, within thirty days of the finality of the judgment, the property that he previously sold to the plaintiffs and to pay, until he purchased the lots, all property taxes assessed on the property and all interest payments due on the plaintiffs' mortgage on the property. The defendant's noncompliance with these orders gave rise to this proceeding.

Pursuant to 14 M.R.S.A. § 252 (Supp. 1983–1984)[1] the plaintiffs complained in writing and under oath that the defendant had disregarded and disobeyed the court judgment. The Superior Court entered an order that the defendant appear before it to show cause why he should not be held in contempt of court for his failure to comply with the equitable orders contained in the final judgment.[2] A hearing was held on

---

1. Section 252 provides:

    Whenever a party or the Department of Human Services, if it is subrogated to a party under Title 19, chapter 7, subchapter V, complains in writing and under oath that the process, decree or order of court, which is not, except as provided in Title 19, section 771, for the payment of money only, has been disregarded or disobeyed by any person, summary process shall issue by order of any justice, requiring such person to appear on a day certain and show cause why he should not be adjudged guilty of contempt. Such process shall fix a time for answer to the complaint and may fix a time for hearing on oral testimony, depositions or affidavits, or may fix successive times for proof, counterproof and proof in rebuttal, or the time for hearing and manner of proof may be subsequently ordered upon the return day or thereafter. The court may for good cause enlarge the time for such hearing. If the person so summoned does not appear as directed or does not attend the hearing at the time appointed therefor as enlarged, or if, upon hearing, he is found guilty of such disregard or disobedi-

ence, he shall be adjudged in contempt and the court may issue a capias to bring him before it to receive sentence and may punish him by such reasonable fine or imprisonment as the case requires. The court may allow such offender to give bail to appear at a time certain, when such punishment may be imposed if he continues in contempt; but when a second time found guilty of contempt in disregarding or disobeying the same order or decree, no bail shall be allowed. When such person purges himself of his contempt, the justice may remit such fine or imprisonment or any portion thereof. No appeal lies from any order or decree for such punishment, save upon questions of jurisdiction; nor shall such appeal suspend the enforcement of any such order or decree unless the court so directs.

2. We treat the show cause order simply as notice of the hearing. An order to show cause is not authorized by the Maine Rules of Civil Procedure.

We reject any contrary implication in 2 Field McKusick & Wroth, Maine Civil Practice § 65.-

October 31, 1983 with the defendant appearing through counsel. After hearing, the Superior Court found that the defendant had not complied with its earlier orders and failed to prove inability to comply with the orders. The Court then held the defendant in contempt of court and ordered his incarceration at the Kennebec County jail until he purged himself of the contempt by paying $47,127.94 to the plaintiffs. A warrant was further ordered for the defendant's arrest. The defendant appeals from the contempt order.

■ An essential element of civil contempt is the defendant's ability to comply with the court's order. *Wells v. State*, 474 A.2d 846, 851 (Me.1984); *Yoder v. County of Cumberland*, 278 A.2d 379, 390 (Me. 1971). When the allegedly violated order itself contains an implicit finding of ability to comply at the time the order issued, there arises a presumption that the defendant is also presently able to comply and the plaintiff makes his prima facie case of contempt of court by establishing that the defendant has failed to comply with a valid court order. *See, e.g., United States v. Rylander*, 460 U.S. 752, 756, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983) (order to produce records); *Maggio v. Zeitz*, 333 U.S. 56, 75 (1948) (order to turn property over to another); *Leslie v. Leslie*, 174 Conn. 399, 401, 389 A.2d 747, 749 (1978) (order to pay child support and alimony); *State ex rel. Thrasher v. Hayes*, 177 Ind.App. 196, 378 N.E.2d 924, 929 (1978) (order to repair fence); *Wilson v. Fenton*, 312 N.W.2d 524, 527 (Iowa 1981) (order to deliver merchantable title to property); *Winter v. Crowley*, 245 Md. 313, 317, 226 A.2d 304, 307 (1967)

(custody order); *Barrett v. Barrett*, 470 Pa. 253, 263, 368 A.2d 616, 621 (1977) (order to pay child support and alimony); *Ohland v. Ohland*, 141 Vt. 34, 442 A.2d 1306, 1310 (1982) (same); *State v. Mecca Twin Theater and Film Exchange Inc.*, 82 Wash.2d 87, 91, 507 P.2d 1165, 1168 (1973) (order to produce film). Upon such a showing the defendant has the burden of production, of going forward with evidence of his inability to comply. The burden of persuasion, however, remains with the plaintiff.

■ The orders in the present case for the payment of taxes and mortgage interest contain no implication of ability to pay. *See Roy v. Leventhal*, 5 Mass.App. 792, 793, 360 N.E.2d 688, 689 (1977) (money judgment); *Union Trust Co. v. Monroe*, 34 Ohio App. 47, 50, 170 N.E. 369, 370 (1930) (order to purchase property). Thus, the plaintiffs were unable to establish their prima facie case upon a simple showing of an unsatisfied court order and the defendant never had the burden of producing evidence of a present inability to comply with the orders in question. Because the Superior Court erroneously imposed upon the defendant the burden of proving his inability to comply with the judgment, we vacate the order of contempt.

The entry is:

Order of contempt vacated.

Case remanded for proceedings consistent with the opinion herein.

All concurring.

---

11 (1970) ("[Section 252] is unaffected by the rules."). M.R.Civ.P. 7(b)(1) provides that "[a]n application to the court for an order shall be by motion ...." A notice of motion serves the same purpose of a show cause order. *See United States v. Rollnick*, 33 F.Supp. 863, 865 (M.D. Pa.1940); *In re Gilhuly*, 124 Conn. 271, 279–283, 199 A. 436, 440–441 (1938); *Stair v. Meissel*, 207 Ind. 280, 284–289, 192 N.E. 453, 455–456 (1934); *Wilcher v. Wilcher*, 566 S.W.2d 173, (Ky.App. 1978); *see also* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1195 (1969); 56 Am.

Jur.2d *Motions, Rules and Orders* § 34 (1971). A show cause order's effect of expediously bringing matters to issue, if necessary, may be obtained by securing an order pursuant to Rule 6(d) shortening the time for hearing on a motion. The outdated procedure for procuring an order to show cause offers no special advantages and imposes an additional burden upon the plaintiff to appear before the court with his motion to show cause and upon the court to hear it.