**David A. SPEAR**

v.

**ROGER'S INC.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1986.

Decided Feb. 4, 1986.

Luce & Beach, P.A., Jonathan R. Luce (orally), Farmington, for plaintiff.

Paul K. Marshall, Kingfield, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

On this appeal we are presented with the unusual situation of a judgment creditor moving that the defendant corporation be ordered to show cause why it should not be held in contempt for failure to pay the balance of his judgment, and the District Court successively issuing two bench warrants for the arrest of an individual who had never been adjudged liable for this debt.

The Plaintiff, David A. Spear, had in 1978 recovered a judgment against the Defendant, Roger's, Inc., in District Court (Farmington), and a few weeks later at a disclosure hearing that court had found that the Defendant corporation had assets with which to pay the judgment and costs. In July, 1982, the Plaintiff moved that the Defendant corporation be ordered to appear and show cause why it should not be held in contempt for its failure to pay the balance of that judgment; service of this motion was made by delivering a copy of the motion to Roger Lavigne, who at argument before us was represented to be the corporation's principal officer.

When this motion was ultimately reached for hearing on August 19, 1982, the Defendant corporation appeared by counsel, but Lavigne himself was not present. On August 23, 1982, the district judge issued a bench warrant for the arrest of Lavigne for failing to appear "on a Disclosure matter captioned David Spear v: Roger's Inc." Lavigne was arrested October 18, 1984, and posted a $1,000 appearance bond.

On November 15, 1984, the corporation's attorney, but not Lavigne, appeared at the hearing on the motion for contempt, moved to quash the bench warrant and also for return of the $1,000. The district judge, now treating the hearing on the motion for contempt as another "disclosure hearing," (1) denied the motion to quash the bench warrant, (2) directed that the proceeds of the cash bond be turned over to the Plaintiff's attorney, and (3) ordered "a new bench warrant to issue with $1,000 cash bond." After the $1,000 was mailed to the Plaintiff's attorney and a new bench warrant issued, the Defendant corporation appealed to Superior Court. There the action of the District Court was affirmed, and from the Superior Court the corporation brings the matter here on appeal.

In two respects the District Court was in error. First, Lavigne had not been found responsible for the corporate debt and he, the individual, was not a judgment

debtor. Second, even if Lavigne were a judgment debtor, the District Court had no authority to issue either of the two bench warrants solely for his failure to appear personally upon the judgment creditor's contempt motion.

Lavigne never having been subpoenaed to be present [1] at any disclosure hearing or motion hearing,[2] the district judge was going seriously beyond the law when he ordered Lavigne's arrest.

The entry, therefore, must be:

Judgment vacated.

Remanded to Superior Court for remand to District Court to quash the two bench warrants, to order Plaintiff's attorney to repay the sum of $1,000 to Roger Lavigne and for further proceedings consistent with the opinion herein.

No award of costs to either party.

All concurring.

---

1. 14 M.R.S.A. § 3121(4) (1980) provides in pertinent part:

   Except where personal appearance or testimony is required in response to a subpoena or capias to bring in under this chapter, the judgment creditor or judgment debtor may act by or through an attorney.

2. Just as upon a motion for a show cause order, *Brennan v. Johnson,* 391 A.2d 337, 339 n. 1 (Me.1978), upon a motion for contempt the burden of persuasion remains with the plaintiff throughout.

Because ability to pay is implicit in a disclosure order under 14 M.R.S.A. § 3127(1) (Supp.1985), Lavigne's failure to appear to present evidence rebutting the presumption of the Defendant corporation's ability to pay, although not subjecting him to arrest, would have warranted a finding of contempt of court against the corporate debtor, once the fact of its non-payment was established. *See Mitchell v. Flynn,* 478 A.2d 1133, 1135 (Me.1984).