CHRISTOPHER A. MAHONEY vs. SHIRLEY A. MAHONEY.

No. 04-P-1545.

Middlesex. October 14, 2005. - February 15, 2006.

Present: RAPOZA, GRAHAM, & KATZMANN, JJ.

*Divorce and Separation,* Separation agreement. *Contempt. Waiver.*

A judge of the Probate and Family Court erred in failing to hold an eviden-
   tiary hearing before adjudging a wife in civil contempt for her alleged
   failure to comply with an earlier order of the court, where the wife had not
   waived her right to an evidentiary hearing, and where the parties vigor-
   ously disputed the facts. [539-541]
The unsettled state of the record on a motion to dismiss a complaint for civil
   contempt justified the judge's denial of the motion. [542]

COMPLAINT for divorce filed in the Middlesex Division of the
Probate and Family Court Department on May 8, 2001.

A complaint for civil contempt, filed on April 23, 2004, and a
motion to dismiss were heard by *Judith Nelson Dilday,* J.

*Edward M. Mahlowitz* for Shirley A. Mahoney.

*Suzanne E. Smith* for Christopher A. Mahoney.

KATZMANN, J. Shirley A. Mahoney appeals from a judgment of
the Probate and Family Court holding her in civil contempt for
failing to comply with an earlier order of the court providing
for the disposition of the former marital home. She claims that
she was denied her right to an evidentiary hearing and that the
judge should have granted her motion to dismiss the contempt
complaint. We affirm the denial of the motion to dismiss, but
we vacate the judgment of contempt and remand the case to the
Probate and Family Court for an evidentiary hearing.

*Background.* On April 23, 2004, Christopher A. Mahoney[1]
instituted a complaint against Shirley in the Probate and Family

---

[1]Henceforth, in the interest of clarity, we shall refer to the parties by their
first names. We intend no disrespect by this nomenclature.

Court for civil contempt, seeking to enforce a section of the separation agreement they signed as part of their divorce. Christopher claimed that Shirley failed to comply with the section of the separation agreement that required her to buy out Christopher's fifty percent interest in the marital home by refinancing on or before June 30, 2003.[2] Shirley responded with a motion to dismiss, alleging that Christopher had not set forth a cognizable claim under the law. She claimed that she had already purchased the house from Christopher, and she attached to her motion a quitclaim deed dated March 21, 2002, reflecting a purchase price of "ten dollars ($10.00), and other good and valuable consideration," as well as a canceled check from Shirley to Christopher in the amount of $16,000, dated April 13, 2002.

The judge held a hearing on May 20, 2004. At the hearing, the parties, through representations and offers of proof of their respective counsel, presented two markedly different versions of the relevant facts. Christopher's counsel claimed that Shirley refused to sell the property as agreed. Counsel explained that the quitclaim deed and check were part of a postseparation refinancing agreement to remove some of the equity in the property to pay off marital debts. Counsel stated that Christopher's name was taken off the mortgage to allow him to purchase another home, and that each party took out approximately $15,000 from the equity in the house to pay preexisting credit card debt. Counsel also claimed that Christopher did not believe that he was transferring all of his interest in the property through the deed.[3] Evidence of this, counsel argued, is the fact that Christopher paid for one-half of the cost of replacement windows months after the date of the deed. Counsel suggested that neither party intended in 2002 that

---

[2]The separation agreement provided as follows:

"Shirley shall have the first option to buy out [Christopher's] 50 percent interest in the home by refinancing on or before June 30, 2003. . . . If Shirley is not able [to buy] out [Christopher's] interest, by June 30, 2003, the premises shall be placed on the market and sold with the parties splitting the proceeds 50-50."

[3]Neither party was represented by counsel during this transaction.

there be a final disposition of the marital home and requested that any equity in the home "be distributed 50/50 amongst the parties pursuant to the separation agreement."[4]

In response, Shirley's counsel claimed that the deed and the check for $16,000 were products of a simple negotiation that satisfied the order of the separation agreement. Counsel focused on the statement on the deed that the property was sold for "other good and valuable consideration." Counsel contended that this language represented their negotiated agreement by which Shirley received the property and Christopher received (1) the check for $16,000; (2) removal of his name from the mortgage; (3) payment of his half of the sewer bond; and an agreement (4) that Christopher need not pay his share of the children's activities or home improvements, and (5) that he need not turn over one-half of the interest in his 401K plan. Counsel argued that these benefits compensated Christopher for his share of the equity in the property and, thus, that Shirley had complied with the separation agreement.

While Christopher's counsel was in the midst of responding to claims articulated by opposing counsel, the judge concluded the hearing and stated that she would take the matter under advisement.[5] The only evidence before the court at that time was the deed and check appended to Shirley's motion to dismiss. On May 25, 2004, the judge denied Shirley's motion to dismiss and adjudged Shirley guilty of contempt for failing to buy out Christopher's fifty percent interest in the former marital home by June 30, 2003, or to place the home on the market for sale and to split the proceeds with Christopher. The judge ordered Shirley to have the property appraised and to buy out Christopher's interest, or to place the property on the market and, upon its sale, pay Christopher his fifty percent interest. Shirley now appeals.

*Discussion.* Shirley contends that the judge should have held an evidentiary hearing before ruling on the merits of the

[4]Christopher's counsel also suggested that an evidentiary hearing be held to resolve some of the factual disputes.

[5]Shirley's counsel then entered into a brief colloquy with the court concerning the deed, after which he stated: "Judge, if that is the case then I won't say anymore. I think you understand my position."

contempt complaint. She urges that where, as here, the offers of proof of counsel reveal that the parties disagreed vigorously as to all pertinent facts concerning whether one party had satisfied the requirements of the separation agreement and divorce judgment, and the parties did not waive an evidentiary hearing, the court's failure to hold such a hearing was reversible error.

We begin with basic principles. "To constitute civil contempt there must be a clear and undoubted disobedience of a clear and unequivocal command." *Kraft* v. *Police Commr. of Boston,* 417 Mass. 235, 239 (1994), quoting from *United Factory Outlet, Inc.* v. *Jay's Stores, Inc.,* 361 Mass. 35, 36 (1972). A complaint for civil contempt is " 'intended to achieve compliance with the court's orders for the benefit of the complainant.' *Furtado* v. *Furtado,* 380 Mass. 137, 141 (1980)." *Quinn* v. *Quinn,* 49 Mass. App. Ct. 144, 147 (2000). Contempt proceedings must satisfy the strictures of due process. See *Sodones* v. *Sodones,* 366 Mass. 121, 128 (1974); *Milano* v. *Hingham Sportswear Co.,* 366 Mass. 376, 379 (1974). " '[D]ue process of law . . . requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.' *In re Oliver,* 333 U.S. 257, 275 (1948)." *Sodones,* 366 Mass. at 127. "A defendant in a contempt proceeding may, of course, waive his right to an evidentiary trial." *Milano, supra.* "Such a waiver may result, in effect, from a failure to assert rights in the trial court in a manner which permits effective appellate review." *Ibid.*

Christopher contends that Shirley waived an evidentiary hearing. To be sure, under certain circumstances a judge may properly rule on a complaint for contempt without an evidentiary hearing, or without receiving live testimony. See *Harper* v. *Harper,* 329 Mass. 85, 88 (1952); *Cooper* v. *Cooper,* 43 Mass. App. Ct. 51, 57 (1997). Typically, in such cases, material facts are not in dispute. See *Milano, supra* (right to hearing waived where no factual disputes and attorney did not request hearing or object); *Kraft,* 417 Mass. at 241 (right to evidentiary hearing waived on contempt complaint). In some cases, an evidentiary

hearing is deemed waived and a judgment of contempt may be founded upon oral representations by counsel (at least in the absence of objection to such a procedure). See *Roy* v. *Leventhal*, 5 Mass. App. Ct. 792, 792-793 (1977). Cf. *Abdallah* v. *Boumil*, 4 Mass. App. Ct. 499, 500 (1976) ("This is not a case in which the parties acquiesced, without objection, in proceeding on representations of counsel or in which the facts represented by counsel were undisputed").

Applying these principles to this case, we conclude that Shirley did not waive her right to an evidentiary hearing. This is not a case where a party waived its right to an evidentiary hearing because it knowingly failed to assert that right when presented with the opportunity to exercise it.[6] We note that Christopher's counsel suggested that an evidentiary hearing would be appropriate. See note 4, *supra*. Moreover, the parties vigorously disputed the facts. Those facts must be resolved before a determination can be made whether Shirley intentionally failed to follow the mandate of the separation agreement and divorce judgment. See *Kraft*, 417 Mass. at 239-240. Even if Shirley did not comply strictly with the terms of the separation agreement and judgment, which were never altered or modified, the case raises issues (implicitly or explicitly) that touch upon the question whether the parties entered into a postdivorce agreement by which they intended to satisfy the separation agreement and judgment. Shirley appears to be arguing that such postdivorce agreement is a valid defense to Christopher's complaint.[7] In any event, if it is determined that the parties did not enter into a postdivorce agreement, it may be an open question whether Shirley is entitled to some form of credit for any substantial improvement made by her to the home.[8] For these reasons, an evidentiary hearing must be held.

---

[6]The docket sheet entry for May 20, 2004, the date of the hearing, indicates only that a hearing on a motion to dismiss took place.

[7]We do not reach the merits of such a claim.

[8]There appear to be a number of other outstanding factual issues. For example, Shirley claims to be able to prove that a comprehensive list of the items Christopher has received in exchange for the house will show that she has complied with the separation agreement. Christopher claims that he can demonstrate that Shirley failed either to appraise and buy the property or to sell it outright.

Lastly, Shirley argues that the judge should have granted her motion to dismiss. We disagree. The unsettled state of the facts alone is justification for affirmance of the judge's order. Taking the allegations of Christopher's complaint as true, and drawing all inferences in his favor, we conclude that he may be able to establish facts that would entitle him to relief. See *Marram* v. *Kobrick Offshore Fund, Ltd.*, 442 Mass. 43, 45 (2004).

*Conclusion.* We affirm the denial of Shirley's motion to dismiss. We vacate the judgment of civil contempt and remand for an evidentiary hearing on the merits of the contempt complaint.[9]

*So ordered.*

---

[9]Christopher's request for appellate attorney's fees is denied.