On September 14, 2010, the husband filed a complaint for divorce, pursuant to G. L. c. 208, § 1B, on the ground that there had been an irretrievable breakdown of the marriage. The wife's answer and counterclaim, also brought pursuant to G. L. c. 208, § 1B, was filed on February 18, 2011. The case proceeded for a short time thereafter with the entry of temporary orders and some discovery. However, litigation activity then ceased and, beginning in 2011 and continuing through 2012, the parties on multiple occasions jointly moved to continue the pretrial conference. As grounds for those motions, the parties represented that they were exploring reconciliation. Ultimately, in a temporary order dated August 7, 2013, a judge of the Probate and Family Court ordered that "[i]f the parties are not ready to proceed with a meaningful Pre-Trial Conference on January 29, 2014, the Complaint and Counterclaim shall be dismissed." Not long before that pretrial conference, the parties filed a joint stipulation of dismissal pursuant to Mass.R.Dom.Rel.P. 41(a)(1). The stipulation was filed twice. On the first occasion (January 16, 2014), the stipulation was signed by both parties and by the wife's attorney. On the second occasion (February 3, 2014), the stipulation was fully signed by both parties and their respective counsel. On both occasions, the stipulation provided that the parties "hereby stipulate that said matter be dismissed forthwith without prejudice."
Although the parties did all that was required of them in order to effectuate the dismissal of their claims, the court did not. Specifically, the court failed to enter promptly a judgment of dismissal. In 2016, the wife moved for entry of judgment nunc pro tunc to January 16, 2014 (the first date on which the stipulation of dismissal was filed). That motion was allowed and separate judgments entered dismissing the complaint and the counterclaim. The husband appeals, and we affirm.
Although it is true that the effect of the judge's order on the motion for entry of judgment was to dismiss the complaint for divorce and the counterclaim, it does not follow (contrary to the husband's characterization) that the judge involuntarily dismissed the complaint and counterclaim. Instead, the judge's order corrected the court's earlier failure to perform the ministerial act of entering judgment promptly after the parties filed their joint stipulation of dismissal. See Maze v. Mihalovich, 7 Mass. App. Ct. 323, 324 (1979) (entering judgment is "ministerial act"). Under rule 58, entry of judgment was mandatory and should have taken place "forthwith" after the filing of the joint stipulation of dismissal. See Mass.R.Dom.Rel.P. 58 ("[T]he court shall forthwith prepare, sign and enter judgment"); Galenski v. Erving, 471 Mass. 305, 309 (2015), quoting from Hashimi v. Kalil, 388 Mass. 607, 609 (1983) ("The word 'shall' is ordinarily interpreted as having a mandatory or imperative obligation"). Since the court's obligation to enter judgment was mandatory, the judge cannot be said to have erred when he allowed the wife's motion seeking entry of judgment.
Nor do we discern any abuse of discretion in ordering the judgments nunc pro tunc to January 16, 2014, the date on which the stipulation was first filed.[2] Santos v. Chrysler Corp., 430 Mass. 198, 217 (1999) (order entered nunc pro tunc is reviewed for abuse of discretion). Although we acknowledge that the stipulation filed on January 16, 2014 did not bear the husband's counsel's signature, the fully-executed stipulation was filed a short time thereafter on February 3, 2014.[3] In these circumstances, the judge was entitled to choose the earlier date, particularly considering that the timing appears to reflect the parties' intent that the case be dismissed before the anticipated pretrial conference on January 29, 2014-a date by which they had been advised the case would be dismissed unless they were prepared to proceed meaningfully.
Finally, we see no merit in the husband's argument that the judge erred in not conducting an evidentiary hearing before allowing the motion. The husband has not cited to any authority requiring an evidentiary hearing on a motion seeking entry of judgment. The one case he cites, Mahoney v. Mahoney, 65 Mass. App. Ct. 537, 540 (2006), concerns the necessity of an evidentiary hearing on a contempt complaint.
Judgments affirmed.

"Courts have inherent powers in appropriate cases to make entries nunc pro tunc." Diggs v. Diggs, 291 Mass. 399, 400 (1935).

The husband does not argue that the judgments should have entered nunc pro tunc instead to February 3, 2014, and the difference between the two dates does not appear to make any difference to the parties or to the case.