Laura A. Ceurvels (mother) appeals from a judgment of the Probate and Family Court[2] determining that Jeffrey R. Murphy, Jr. (father) was not in contempt of court for failing to pay child support.[3] The mother asserts that because the parties' subsequent agreement to reduce child support, which was not court-approved, was not enforceable and the father admitted to paying less than the court-ordered amount of child support, the judge erred in failing to find the father in contempt of court. Consequently, she requests that we reverse the judgment. Alternatively, the mother requests that we remand the case to the Probate and Family Court for a rehearing in which she would be afforded an opportunity to present further evidence of the father's nonpayment because, according to the mother, the judge erroneously deprived her of an opportunity to present this evidence. We affirm.
The mother correctly asserts that at the contempt hearing, the father admitted to not having paid his full child support obligation. The parties' divorce settlement required the father to pay $500 per week, and the father admitted to paying as little as $250 per week at times. The mother also correctly argues that "an agreement to reduce child support that has not been approved by the court cannot constitute a defense to a complaint for civil contempt." Rosen v. Rosen, 90 Mass. App. Ct. 677, 692 (2016). Nevertheless, a parent's failure to meet his financial obligations does not necessarily compel a finding of contempt.
In addition to establishing that the father was in "disobedience of a clear and unequivocal command," the mother also bore the burden of establishing that the father had a present ability to pay. Birchall, petitioner, 454 Mass. 837, 852-853 (2009), quoting from Judge Rotenberg Educ. Center, Inc. v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997). Although the judge did not include any comment about the mother's lack of proof on this element in the rationale for his judgment, the father testified that he was unemployed and unable to meet the financial obligations to which he agreed in the divorce settlement. This testimony is uncontroverted. Additionally, as conceded by the mother, she did not establish the extent of the father's unpaid child support, nor the time periods he had failed to pay the full amount. On this record, therefore, we cannot conclude the judge abused his discretion in finding that the mother had failed to establish that the father was in contempt. See K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014) (no finding of contempt for father's failure to pay mother her full portion of his liquidated deferred compensation account was not an abuse of discretion). See also Halpern v. Rabb, 75 Mass. App. Ct. 331, 336 (2009) (because of ambiguities in separation agreement, judge's implicit finding that father was not in contempt for failing to pay additional child support based on specific income was not an abuse of discretion).
In addition, the mother now faults the judge for failing to order an evidentiary hearing. At the time of the hearing, the mother did not raise an objection to the procedure employed by the judge. Accordingly, the issue is waived. Kraft v. Police Commr. of Boston, 417 Mass. 235, 241 (1994). See Davis v. Tabachnick, 425 Mass. 1010 (1997) (self-represented parties held to same standard as those represented by counsel). In any event, even if the issue was not waived, the mother's assertion that she is entitled to an evidentiary hearing lacks merit. See Mahoney v. Mahoney, 65 Mass. App. Ct. 537, 540-541 (2006). A judge need not hold an evidentiary hearing on a contempt complaint when there are no objections to the use of an informal procedure. Ibid.
Here, the record does not reflect that the mother requested an evidentiary hearing or objected to the procedure the judge employed. Moreover, the judge gave the mother ample opportunity to supplement the record, which resulted in the mother raising additional issues once the judge began winding down the hearing but did not result in the proffer of any other evidence regarding the father's finances or his nonpayment. Contrast id. at 539-540 (evidentiary hearing warranted on remand when judge cut off counsel's argument at hearing on contempt complaint, the parties disputed most facts, and counsel suggested holding an evidentiary hearing). Accordingly, we discern no abuse of discretion.
Judgment on December 23, 2015, complaint for contempt affirmed.

The judgment from which this appeal is taken was on the December 23, 2015, complaint for contempt.

A single justice of this court allowed the plaintiff's motion to file a late notice of appeal. The notice was filed on February 8, 2017.