NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-499

J.D.M.

vs.

J.A.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a civil contempt complaint in the Probate and Family Court against the defendant, his former wife.  He alleged that the defendant did not comply with a court order regarding parenting time with their two children.  Following a nonevidentiary hearing, the judge found the defendant guilty of contempt.  The defendant appeals from that judgment.  For the reasons set forth below, we vacate the contempt judgment and remand this matter for an evidentiary hearing.

Background.  On April 20, 2021, the Probate and Family Court issued a judgment of divorce nisi that incorporated portions of a divorce agreement.  The agreement granted physical custody of two minor children (son and daughter) to the defendant and allowed the plaintiff parenting time every other weekend from 9 A.M. Saturday to 5 P.M. Sunday.

On November 22, 2021, the plaintiff filed a complaint for civil contempt alleging that the defendant violated the divorce judgment relating to parenting time. He alleged that the defendant had interfered with his parenting time and placed tracking devices on the children's possessions. The defendant denied these allegations in her response to the contempt complaint and raised "waiver" as an affirmative defense.

On February 9, 2022, the judge held a nonevidentiary hearing. Defense counsel requested an evidentiary hearing, but the judge said that she would have to continue the matter to another day. Defense counsel added that he would be "happy to present the case and see what you think about it" but added that the "facts are in dispute." The judge said that she would "hear it on representations of counsel." Throughout the hearing, defense counsel raised repeated objections to an affidavit as well as the absence of an evidentiary hearing.

During the hearing, both parties' counsel outlined the disputed facts. Counsel agreed that the required parenting time had not been provided to the plaintiff, but they offered different explanations. Plaintiff's counsel asserted that the defendant attempted to alienate the children from their father. Defense counsel alleged that on almost all the dates cited, the plaintiff waived parenting time or agreed to reschedule. Defense counsel asserted that, in some instances, the children

2

experienced medical issues that prevented strict compliance with the required parenting time. The brief hearing concluded, and the judge took the matter under advisement.

On March 10, 2022, the court entered a judgment finding the defendant guilty of civil contempt. The judge rejected the defendant's claim regarding waiver of parenting time: "The Court does not find Mother's argument that Father voluntarily relinquishes his parenting time to be credible." The judge also rejected the defendant's claim regarding medical necessity: "The Court finds that the illnesses and injuries described by counsel at the time of the hearing are not significant or serious conditions that would warrant cancellation of Father's parenting time." The judge also ordered, "Further, absent the consent of Father, Mother shall not place tracking devices on the children or in the children's belongings."

Discussion. "A contempt proceeding must satisfy the requirements of due process." Milano v. Hingham Sportswear Co., 366 Mass. 376, 378 (1974).

> "It is clear that 'due process of law . . . requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation.'"

Sodones v. Sodones, 366 Mass. 121, 127 (1974), quoting In re Oliver, 333 U.S. 257, 275 (1948). "A defendant in a contempt

3

proceeding may, of course, waive [the] right to an evidentiary trial." Milano, supra at 379. "Typically, in such cases, material facts are not in dispute." Mahoney v. Mahoney, 65 Mass. App. Ct. 537, 540 (2006). The hearing in the present case did not satisfy the demands of due process. While we recognize the exigencies of the court schedule, without the agreement of the parties, a judge cannot decide the merits of a contempt proceeding without taking evidence particularly where, as here, material facts are in dispute. It goes without saying that the representations of unsworn counsel are not evidence.

The record shows that material facts were in dispute regarding the reason for the defendant's noncompliance with the requirements for parenting time. Plaintiff's counsel alleged that noncompliance stemmed from a plot to alienate the children from their father while defense counsel blamed the noncompliance on waiver, agreement, and medical necessity. The disputed facts strike at the heart of a contempt claim -- whether there is "clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). The defendant never had a full opportunity to answer the claim of disobedience by presenting evidence, offering a defense or explanation, testifying, or calling witnesses. See Sodones, 366 Mass. at 127.

4

Despite the absence of evidence on the issue of disobedience, the judge made significant credibility determinations as well as factual findings.  The judge did not credit the "Mother's argument" that the plaintiff voluntarily relinquished parenting time.  The judge also found that the alleged illnesses and injuries were too insignificant to "warrant cancellation of Father's parenting time."  Such conclusions on disputed facts are not possible without the benefit of an evidentiary hearing or an agreement to waive the hearing.  The absence of an evidentiary record also deprives an appellate court of its ability to review the judge's findings and conclusions under governing standards.  See, e.g., Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018) (appellate courts review "underlying conclusions of law de novo and underlying findings of fact for clear error"); Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018) (civil contempt "must be proved by clear and convincing evidence" based on totality of circumstances).

Conclusion.  The contempt judgment docketed on March 10, 2022, is vacated, and this matter is remanded for an evidentiary hearing.  Pending the outcome of the evidentiary hearing, the

5

judge retains discretion to enter temporary orders as she deems necessary.

So ordered.

By the Court (Wolohojian, Shin & Hodgens, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered: April 12, 2023.

---

[1] The panelists are listed in order of seniority.