NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1116

JAMES L. XARRAS & another[1]

vs.

J. WHITNEY DEVELOPMENT, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On September 9, 2022, following a trial on a complaint for contempt in the Superior Court, James S. Whitney (Whitney), as president, treasurer, director, agent, and sole shareholder of J. Whitney Development, Inc. (Whitney Development), was found in civil contempt for failing to install a sewer line in compliance with a February 2, 2017, court order.  Whitney appeals from that judgment, arguing it was error to hold him individually liable for the failure of his corporation, Whitney Development, to comply with the prior court order.  We affirm.

Background.  We summarize the relevant background as follows.[2]  In 1995, Whitney founded Whitney Development, a

_____

[1] Margot Xarras, individually and as trustee of NMJ Realty Trust.
[2] The parties do not contest the factual findings of the contempt trial judge and thus we adopt them as true.

commercial and residential construction company.  Since its creation, Whitney was Whitney Development's president, treasurer, director, agent, and sole shareholder.  In 2006, a civil action was filed by the plaintiffs[3] regarding the installation of a sewer line.  As a result of that action, the parties signed a settlement agreement.[4]  Pursuant to that settlement agreement, Whitney Development agreed to install a sewer line.  The plaintiffs brought the underlying action in 2013, seeking to compel Whitney Development to install the sewer line in accordance with their prior settlement agreement.

Following a jury-waived trial in the underlying action, a Superior Court judge found in the plaintiffs' favor and entered judgment against Whitney Development.  During trial, Whitney Development's counsel expressed a preference for an equitable remedy (in lieu of monetary damages) in the event of an adverse ruling.  Accordingly, the judge ordered Whitney Development to obtain the necessary permits within 180 days and install the sewer line.  The sewer line's construction was divided into three sections.

On August 3, 2017, the plaintiffs filed their first complaint for contempt.  Whitney Development filed a motion,

---

[3] Although the parties in this appeal were parties in the 2006 case, they were not the only parties.

[4] All the parties involved in the 2006 case signed the settlement agreement.

arguing that it needed additional time to prepare and submit a new plan for the sewer line before it could proceed with the permitting process.  The judge ordered that the parties meet with the Leominster Department of Public Works and report back to the court.  By May 2018, Whitney Development had obtained the necessary permits to build the first section of the sewer line and the parties jointly submitted a report stating that Whitney Development anticipated beginning installation within thirty days.  Despite this representation to the court, Whitney Development never began construction of the sewer line and subsequently plaintiffs requested a conference pursuant to Mass. R. Civ. P. 16, as amended, 466 Mass. 1401 (2013).

A conference between the parties was held in March 2019, and the judge ordered that the parties meet with the Massachusetts Environmental Protection Agency (MEPA) to determine if MEPA review was required.  On March 18, 2020, MEPA issued an advisory opinion indicating that no such review was required.  At this point, it is undisputed that Whitney Development had obtained all the necessary permits for the installation of the entire sewer line.  Despite this, Whitney Development never began construction of the sewer line. Instead, on August 19, 2020, Whitney, as the sole shareholder, authorized the dissolution of Whitney Development, and, on

3

November 19, 2020, Whitney Development filed articles of voluntary dissolution with the Secretary of the Commonwealth.

By then, Whitney had created a "new" corporation, Whitney Companies, LLC (Whitney Companies), in which he once again was the principal and sole manager. Whitney Companies, organized in July 2019, is also a construction company with the same corporate address as Whitney Development. Whitney Companies' website takes credit for certain projects that it completed before its inception which were completed by Whitney Development and listed two ongoing projects that were begun by Whitney Development.

Almost four years after the February 2, 2017, adverse judgment, Whitney Development filed a motion for relief from judgment on the grounds of a material change of circumstances. The court denied Whitney Development's motion for relief from judgment both as untimely and because the alleged change of circumstances had been entirely within Whitney's control when he decided to dissolve Whitney Development.[5] On December 7, 2021, with still no work on the sewer line initiated, the plaintiffs filed an amended complaint for contempt. A Superior Court judge (contempt judge)[6] conducted a contempt trial in which Whitney was

_____

[5] The denial of Whitney Development's motion for relief from judgment has not been appealed.
[6] The judge presiding at the contempt trial was not the same judge who presided at trial in the underlying action.

4

the only witness.  Whitney was held in contempt on September 9, 2022.  The contempt judgment required Whitney to carry out the obligations imposed on Whitney Development in the February 2, 2017, order and to pay plaintiffs' costs and attorney's fees.

Discussion.  Whitney appeals from the order of contempt. He argues the contempt judge erred in finding him personally liable for the failures of Whitney Development and that the court was required to pierce the corporate veil of Whitney Development, which he argues it could not do because there was no evidence of fraud.

"[A] judge may find a person in civil contempt if the judge concludes that it is more likely than not that the person clearly and undoubtedly disobeyed a clear and unequivocal command."  In re Birchall, 454 Mass. 837, 852 (2009).  "The complainant must prove his case by a preponderance of the evidence."  L.F. v. L.J., 71 Mass. App. Ct. 813, 821 (2008), citing Manchester v. Department of Envtl. Quality Eng'g, 381 Mass. 208, 212 (1980).  "We review the judge's ultimate finding of contempt for abuse of discretion, but we review underlying conclusions of law de novo and underlying findings of fact for clear error."  Commercial Wharf E. Condominium Ass'n v. Boston Boat Basin, LLC, 93 Mass. App. Ct. 523, 532 (2018), citing Judge Rotenberg Educ. Ctr, Inc. v. Commissioner of the Dep't of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997).

5

The contempt judge gave Whitney Development a clear and unequivocal order on February 2, 2017, when it mandated that Whitney Development obtain the necessary permits within 180 days and install the sewer line:  the equitable remedy Whitney Development sought in lieu of monetary damages.  Whitney, as the sole individual responsible for all of Whitney Development's operations, was responsible for carrying out this action. Milano v. Hingham Sportswear Co. makes clear that a court has the discretion to hold a corporate agent in contempt if the agent is responsible for the corporation's failure to comply with the court order.  366 Mass. 376, 378 (1974) ("Although not named in an order against a corporation, a corporate agent may be held in contempt of that order if he was responsible for the acts or inaction of the corporation which constituted a violation of the court order").  We are not persuaded by any of Whitney's arguments that Milano is not applicable and that the contempt judge did not have discretion to hold Whitney in contempt.[7]  Accordingly, it was well within the contempt judge's discretion in this case to hold Whitney, who was the sole agent of the corporation, in contempt for the failure of Whitney

---

[7] We are not persuaded by Whitney's claim at oral argument that corporations created for the purpose of carrying out construction work are treated differently under our law than any other type of corporation.  We further note that the defendant neither argued this issue in its brief, nor provided any citations in support of this proposition.

Development to comply with the court order to install the sewer line. The dissolution of Whitney Development, which occurred more than two years after the corporation had received the final necessary permit to begin construction of the first section of the sewer line, does not change our analysis.

Whitney contends that such a conclusion is unjust because, he argues, the contempt judge's finding that piercing the corporate veil to hold Whitney personally liable was erroneous. Put plainly, the contempt judge was not required to make such a finding to hold Whitney in contempt, and so we need not analyze whether it was error or not. The order on appeal is not an order to hold Whitney personally liable for the contractual obligations of Whitney Development. Rather, the order on appeal is a contempt order against Whitney, as president, treasurer, director, agent, and sole shareholder of Whitney Development, for failing to comply with a court order against Whitney Development. Thus, piercing the corporate veil was unnecessary and we need not examine the trial court's order stating that it was appropriate in this case.

Conclusion. Whitney Development was given a clear order by the court and failed to comply. It was within the contempt judge's discretion to hold Whitney, as a corporate agent of Whitney Development, in contempt for that failure. Accordingly,

7

we see no abuse of discretion, and we affirm the judgment of contempt.

> Contempt judgment entered
>     October 12, 2022, affirmed.
>
> By the Court (Rubin, Neyman &
>     Walsh, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered: October 11, 2023.

---

[8] The panelists are listed in order of seniority.